# Rarick *v.* McManomon.

*Practice, C. P.—Continuance of cause—Appearance.*

In an action of trespass against a city and a police officer for false arrest, where it appears that the writ was served on the city but not on the officer, that the city solicitor appeared for both defendants, and the officers subpœnaed the witnesses, and was called by both parties as a witness, the Superior Court will not review the discretion of the lower court in refusing the officer's request for a continuance, because he had not been served, and because he had not knowledge until after the trial was begun, that he was a party defendant.

A motion to continue a cause is addressed to the sound discretion of the court, and its action is not ordinarily reviewable on appeal.

*Trespass—False arrest—Arrest without a warrant.*

Upon reasonable suspicion, founded either on his own knowledge or the information of others that a felony or such breach of the peace as will probably prove to be a felony has been committed, the officer may arrest without a warrant, but he cannot arrest for an ordinary misdemeanor unless present at the commission of the offense.

An officer has no right to arrest without a warrant for an indecent exposure of the person, where he was not present and did not see the offense committed.

Argued Jan. 17, 1901. Appeal, No. 5, Jan. T., 1901, by defendant, from judgment of C. P. Lackawanna Co., Sept. T., 1897, No. 1522, on verdict for plaintiff in case of George Rarick v. Patrick McManomon and the City of Scranton. Before

RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass for arrest without a warrant. Before GUNSTER, J.

At the trial it appeared that the defendant, Patrick J. McManomon was a police officer, and that on August 29, 1897, McManomon arrested plaintiff without a warrant for an indecent exposure of the person without having seen the offense committed. During the course of the trial McManomon asked for a continuance based upon the following affidavit:

" Patrick J. McManomon, being duly sworn, says that he is marked as one of the defendants in the above case, but was never served with a summons and had no knowledge until this morning, October 4, 1899, that he was a party defendant. That he appeared in court as a witness on obedience to a subpoena. That he never appeared by counsel or otherwise, and never authorized M. A. McGinley or any attorney to appear for me. When the jury was sworn I was not present in court, and did not know that they were sworn as to me."

The court refused to grant the continuance.

Verdict and judgment against McManomon for $200.

*Errors assigned* amongst others were (1, 2) refusal of continuance. (3) Refusal of new trial. (4–7) Instructions to the effect that the arrest was an unlawful arrest.

*A. A. Vosburg*, city solicitor, and *D. J. Davis*, assistant city solicitor, for appellants.—The act of the solicitor in entering a general appearance should not prejudice McManomon, who did not even know that he was sued until he was called to the witness stand at the trial of the case: Sherman v. Brenner, 1 W. N. C. 193 ; Young v. Lindsay, 3 W. N. C. 169 ; Housenick v. Miller, 93 Pa. 514; Mackey v. Adair, 99 Pa. 147; North Whitehall Twp. v. Keller, 12 W. N. C. 177.

It has been held that an officer may arrest a party immediately after a breach of the peace on the charge of another although the affair is over: State v. McNally, 87 Mo. 644 ; Com. v. Hastings, 9 Metc. 259 ; Bryan v. Bates, 15 Ill. 87; State v. Lafferty, 5 Harr. (Del.) 491 ; Reg. v. Light, Dearsly and Bell's Crown Cases, 332 ; Phillips v. Trull, 11 Johns. 486 ; Respublica

v. Montgomery, 1 Yeates, 419; Vandeveer v. Mattocks, 3 Ind. 479; Davis v. Burgess, 54 Mich. 514; Com. v. Foley, 99 Mass. 497; McCandless v. State, 2 S. W. Repr. 811; Galvin v. State, 6 Coldw. (Tenn.) 283; U. S. v. Hart, Wheeler's Crim. Cases (N. Y.), 304; Higgins v. State, 7 Ind. 549.

An officer may arrest without warrant where he does not have time to obtain a warrant, in order to prevent an escape: Holley v. Mix, 3 Wend. 350.

A peace officer may arrest without a warrant on information furnished him that a felony or breach of the peace has just been committed: Samuel v. Payne, Douglass, 459; Hobbs v. Branscomb, 3 Camp. 420.

*E. C. Newcomb*, for appellee.—A statute enlarging the power to arrest must be strictly construed: Ramsey v. Foy, 10 Ind. 493; State v. Dale, 3 Wisc. 695.

An officer cannot arrest without a warrant for past breaches of the peace even if committed in his presence, no matter how short an interval of time he may have remained away; the arrest must be immediate upon the commission of the offense: Krulevitz v. Eastern R. R. Co., 143 Mass. 228; Meyers v. Clark, 41 New York Superior Ct. 107; Taylor v. Strong, 3 Wend. 384; State v. Sims, 16 So. Car. 486.

OPINION BY RICE, P. J., May 23, 1901:

This was an action of trespass brought against the city of Scranton and Patrick McManoman, a police officer. The summons was duly served on the city but not on McManoman. The city solicitor entered a general appearance for both defendants and subsequently pleaded the general issue. Two years after the issuing of the summons the case was called for trial and the jury sworn as to both defendants. The learned trial judge in his opinion refusing a new trial says that the appellant was present when the jury was selected and sworn. He was intrusted with the subpœnaing of the witnesses, and immediately after the opening of the plaintiff's case was called, as a defendant, for cross-examination. At a later stage in the trial he was recalled for the same purpose. After the plaintiff had closed his case and considerable evidence had been introduced by the defendants, McManoman was called to the stand to tes-

tify in his own behalf.    Up to this time no intimation had been
made that he was not properly in court, but on the following
day he presented to the court an affidavit in which he alleged,
that he had no knowledge until that morning that he was a
party defendant, that he appeared in court as a witness in obe-
dience to a subpœna, that he never authorized any attorney
to appear for him, and that he was not in court when the jury
were sworn, and did not know that they were sworn as to him.
It is urged that upon the presentation of this affidavit it was
the duty of the court to continue the case.

Assuming for a moment that such motion was made and re-
fused, and that the appellant excepted to the ruling, neither of
which things appears of record, no error was committed which
would justify a reversal of the judgment.    A motion to continue
a cause is addressed to the sound discretion of the court, and
its action is not ordinarily reviewable on appeal.    The reason
is plain.    The evidence presented to the court is not part of the
record, and where the motion is based on allegations of fact not
disclosed by the record, the decision of the court must necessarily
be conclusive.    This is such a case.    The entry of an appear-
ance by an attorney carries with it the prima facie presump-
tion that it was entered by authority.    The business of the
courts could not be carried on if this were not so.    In the pres-
ent case the presumption was very much strengthened by the
appellant's apparent acquiescence in the proceedings.    It was
incumbent upon him to explain his silence and to satisfy the court
of the truth of the allegations of his petition, and he must abide
by its decision.    The first, second and third assignments of error
are overruled.

The fourth, fifth, sixth and seventh assignments of error re-
late to the legality of the act of the defendant in arresting the
plaintiff and confining him in the lockup for an offense not
committed in his view.    The general rule is that upon reason-
able suspicion, founded either on his own knowledge or the
information of others, that a felony, or such breach of the peace
as will probably prove to be a felony, has been committed, an
officer may arrest without a warrant.    It is equally well settled
that he cannot arrest for an ordinary misdemeanor, unless pres-
ent at the commission of the offense.    The contention is, that
if the misdemeanor amounts to a breach of the peace an officer

has the same authority as in cases of felony. This is true if the arrest is made upon view, but if not, the right to arrest without warrant is exceptional and not the general rule. In some of the text books, and also in adjudicated cases the terms "breach of the peace" have been construed to include any offense involving a violation of "public decorum," and it has been said that for such offenses an officer may arrest without a warrant: Davis v. Burgess, 54 Mich. 514. Unquestionably an officer may arrest one in the act of committing such an offense as is alleged in the present case or of committing like offenses against public decency and morality: 1 Arch. C. Pl. 26, n. 2; State v. Freeman, 86 N. C. 683. None of the cases, however, which have been called to our attention go to the extent of giving to the officer authority to arrest without a warrant for every offense involving a violation of public decorum not committed in his view. Nor is it necessary to the public security that such should be recognized as the general rule. It may be expected that a felon will flee from justice, if an opportunity is afforded him, and that if he knows he is suspected he will do what may be in his power to obliterate the evidences of his crime. In these circumstances are found forcible reasons for prompt action in his arrest. The public safety, and due apprehension of criminals charged with heinous crimes, imperiously require that such arrest should be made without a warrant by officers of the law making fresh pursuit on reliable information: McCarthy v. De Armit, 99 Pa. 63; Brooks v. Commonwealth, 61 Pa. 352. The same reasons do not exist for conceding the right to arrest without warrant for a past misdemeanor not committed in the view of the officer, which in the discretion of the court may be punishable only by a fine. We conclude that the rulings of the court below as to the legality of the arrest were right both upon reason and authority. These assignments are overruled.

We do not think it clear that the entry in the book referred to in the eighth assignment of error was such a record as is contemplated by section 3, article 7 of the act of 1889; but whether it was so or not, all the facts that could have been proved by it, namely, that the plaintiff was fined by the mayor, were proved otherwise, and were admitted by the plaintiff. This assignment is overruled.

Finding no error in the record the judgment is affirmed.