## Zientz v. Derereux

*Archibald M. Matthews* and *Booth, Lipton & Lipton,* for plaintiff.

*Kooser, Courtney & Ogle,* for defendant.

LANSBERRY, P. J., June 30, 1955.—In this action of trespass, arising out of an automobile collision, defendant's preliminary objections present the question of this court's jurisdiction of defendant. The history of this litigation is a necessary factual background for an understanding of the issue for determination.

On January 4, 1953, an automobile collision occurred on the Pennsylvania Turnpike in Somerset County between the automobiles driven by Meyer Zientz, of New York, who was driving west, and John Drury Derereux, of Ohio, who was driving east, as a result of which collision both operators were killed. Mildred T. Zientz, of New York, was duly appointed administrator of the estate of Meyer Zientz by the Bronx County, New York, Surrogate's Court on February 10, 1953, and in that capacity instituted this action in trespass. On March 3, 1953, the Probate Court of Summit County, Ohio, granted letters of administration to John A. Derereux, of Ohio, defendant in this action.

Complaint in trespass under the Wrongful Death Act and the Survival of Actions Act was filed in the Court of Common Pleas of Somerset County, on January 29, 1953. Upon receipt of the complaint, the High Sheriff of Somerset County mailed a certified copy thereof to John A. Derereux, administrator, by registered mail, return receipt requested, on June 30, 1953, and similarly, on the same day mailed a copy of the complaint to the Secretary of the Commonwealth as provided by the Act of May 14, 1929, P. L. 1721,

sec. 1, 75 PS §1201, familiarly known as the Non-resident Motorist Act, and the Pennsylvania Rules of Civil Procedure. Delivery of the registered mail was made to both addresses July 2, 1953, and so returned along with the return of service by the high sheriff on July 14, 1953.

An appearance was entered by James O. Courtney, Esq., of the firm of Kooser, Courtney and Ogle, Esquires, on July 14, 1953, as follows: "To D. Guy Floto, Prothonotary: Enter appearance of Kooser, Courtney & Ogle, as attorneys for John A. Derereux, Administrator of the Estate of John Drury Derereux, deceased, defendant in the above captioned matter."

Three days later at the request and upon formal motion of counsel for defendant, 20 additional days "to file pleadings" were allowed by the court, there being no objection to this request by counsel for plaintiff.

In regular order the cause was listed on the trial list and for good and sufficient reason, upon motion of counsel for defendant, the trial of the cause was continued to the succeeding term.

On August 2, 1954, more than a year after the extension of the time for filing pleadings, defendant filed preliminary objections and at counsel's request a rule was awarded to show cause why the action should not be dismissed. The objections were in effect that plaintiff had not filed in the Orphans' Court of Somerset County an exemplification of the record of her appointment as administrator, nor an affidavit as to any indebtedness or want of indebtedness to any creditor in the Commonwealth of Pennsylvania, as required by the Fiduciaries Act of April 18, 1949, P. L. 512, sec. 1101, 20 PS §320.1101, as amended. To these preliminary objections, counsel for plaintiff filed an answer admitting the technical regularity of the objections

and answering further that the same may be filed at any time before trial of the cause. On the same day, August 17, 1954, the certification of plaintiff fiduciary's appointment and the affidavit as to nonindebtedness was filed in the court of common pleas to the action in trespass.

On October 6, 1954, defendant filed preliminary objections raising the question of invalidity of service in that plaintiff fiduciary had not complied with that provision of the Ohio law requiring presentation of claims within four months after appointment of the fiduciary, contending this provision of the Ohio law was a condition precedent to the commencement of the action in Pennsylvania. Defendant in that preliminary objection and for the first time raised the preliminary objection now before us for determination, namely that the purported service upon the foreign fiduciary defendant by the Nonresident Motorist Act was a nullity. To these preliminary objections an answer was filed and, following a hearing of the matter at which time the contentions of the parties were heard at length, the court overruled the preliminary objections, not for the identical reasons set forth in the answer, however, as will become apparent herein. Following this order overruling the preliminary objections, counsel for defendant urged the court to reconsider its order and presented a formal motion to that effect on December 21, 1954, which motion we granted by our order of December 28, 1954, so that no error as to jurisdiction might be committed.

The matter came on for full consideration in the argument court at which time counsel for the parties were heard at length and written briefs submitted. While not abandoning the preliminary objections as to properly filing the exemplification of the record of appointment and the affidavit as to nonindebtedness, which objections were formally ruled adversely as to

defendant and which ruling we shall not disturb, the objection pressed at the argument court and in the brief submitted for defendant is the one with reference to the effectiveness of the service upon nonresidnt fiduciary defendant.

Upon an examination of the authorities we are satisfied that the procedures supplied by the Nonresident Motorist Act, 75 PS §1201 and Rules of Civil Procedure 2077(a) and 2079(a) are ineffectual as to service of process upon a nonresident fiduciary. Judge McCreary of Beaver County in the case of McElroy v. George et al. so decided and in that opinion, reported in 76 D. & C. 231, the authorities and text writer's views are so fully set forth we need not pursue that question further.

The precise question here presented is not identical with the issue in the McElroy case because of the factual situation before us. The issue here is: Where service of process of a complaint in trespass is made by following the procedures specified by the Nonresident Motorist Act as amended, 75 PS §1201, and Pennsylvania Rules of Civil Procedure 2077(a) and 2079(a) upon a nonresident fiduciary, and that fiduciary causes a general appearance by counsel to be entered for him, is the service of process validated resulting in jurisdiction of the common pleas court of defendant fiduciary. Our answer is that the service of process is validated resulting in jurisdiction of the common pleas court of defendant fiduciary.

A foreign fiduciary may enter the Commonwealth and be served here: Laughlin & McManus v. Solomon, 180 Pa. 177; or he may voluntarily appear in the action, Evans v. Tatem, 9 S. & R. 252; Giampalo et al. v. Taylor et al., 335 Pa. 121, 126; see also Lowry v. Commonwealth, 365 Pa. 474, 477; Miller v. Warden, Frew & Co., 111 Pa. 300. In both of these situations

the jurisdiction of the Pennsylvania common pleas court is undoubted: Goodrich-Amram Civil Practice, sec. 2353-5.

Pennsylvania Rule of Civil Procedure 1045 provides for appearance and answer in actions of trespass and is as follows:

"Rule 1045. Appearance. Answer.

"(a) Within the time for filing an answer, a defendant in lieu thereof may enter a general appearance.

"(b) A party who fails to file a responsive pleading shall be deemed to admit all averments relating to the identity of the person by whom a material act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality involved. All other averments shall be deemed to be denied.

"(c) The affirmative defenses enumerated in Rule 1030 must be pleaded."

This Rule of Civil Procedure not only preserves but strengthens the well established and now historic rule of our procedural law that: "An entry of a general appearance is a waiver of all objections to the jurisdiction of the court over the person of the defendant, whether such objections are based upon irregularities in the form of the summons or other writ issued to bring the defendant into court, or in the service or return thereof. By his general appearance the defendant submits himself to the jurisdiction of the court and is considered in court for all purposes. In other words, after the defendant enters a general appearance, the case proceeds as if commenced by due service of process": 1 Standard Pennsylvania Practice Actions at Law, §150, and numerous authorities cited including Goldsworth v. Haufe, 32 Northampton 11.

The filing of the complaint in trespass is one of the three methods for commencement of the action: Penn-

sylvania Rules of Civil Procedure 1041 and 1007, and is the method elected by plaintiff to commence this action.

An appearance may be entered by defendant personally or by his attorney, 17 PS §649 and §1601, and that appearance of counsel is presumed to be authorized: Rarick v. McManomon, 17 Pa. Superior Ct. 154, 157. The appearance in the instant case is in the usual, customary form, and is a general appearance: 1 Standard Pennsylvania Practice, Actions at Law, §140. Moreover, as above noted, on July 17, 1953, counsel for defendant, three days after the entry of the general appearance, moved the court by formal motion for additional time "in which they may file pleadings to the above complaint if they desire." The very next step taken in the action was six months later and was defendant's petition through her counsel to grant a continuance of the trial of the cause then on the trial list, which petition was allowed. None of the reasons for this continuance remotely relate to the jurisdiction of the court but referred exclusively to the illness of Ohio counsel who contemplated trying the case. Almost a month later defendant caused to be filed her preliminary objections which for the first time attacked the jurisdiction of this court but not for the reason now under consideration. Either one of these three pleadings may now be considered as having the effect of bringing into operation the above stated rule as to a general appearance: Riker v. Kilinski, 309 Pa. 188; Bailey et al. v. Ancient Egyptian Arabic Order, etc., 162 Pa. Superior Ct. 5, 9.

Having in mind the firmly established rule as to the entry of the general appearance by counsel and the effect of the application of that rule, we may briefly consider that rule and its effect in the light of Pennsylvania Rule of Civil Procedure 1045 dealing with the appearance and answer in actions in trespass.

Defendant may now dispense with filing a formal answer to the complaint and file an appearance which is in fact an answer to the complaint and not merely a response to process. The appearance being an answer, admits the matters specified in rule 1045($b$) and denies all other allegations in the complaint. The appearance being a general appearance prevents the party appearing from raising the question of jurisdiction over his person by preliminary objection and being the entire answer on the merits must be amended, consistent with the rules relating to amendments to pleadings, if the party desires any modification of his pleaded answer. See Goodrich-Amram, §1045($a$) 2, Appearance in Lieu of Answer.

It is manifest that while this court of common pleas originally lacked jurisdiction of defendant, a foreign fiduciary, in so far as the service of process was ineffectual, from the foregoing examination of the rule it is equally manifest that the action, being a transitory one, defendant could and did by causing a general appearance to be entered waive the objections to the invalidity of that service and did confer upon this court jurisdiction of the person of defendant. We hardly need point out that defendant could have stood upon her rights and made no appearance or answer whatsoever and this court would have been without jurisdiction of defendant or she could have within the 20 days provided for filing an answer raised this question of jurisdiction of the court by a preliminary objection assigning the reason which she subsequently assigned, viz., the inapplicability of the Nonresident Motorist Act as to service upon a foreign fiduciary and again the court would have been without jurisdiction of defendant. She did neither; instead she waived the procedural defect, brought herself within the jurisdiction of the court.

Upon consideration and reconsideration of the issues here presented, we now enter the following

### Order

Now, June 30, 1955, the preliminary objections are overruled and the cause is now ordered upon the trial calendar.