Commonwealth *v.* Garrick, Appellant.

Argued March 22, 1967.   Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Leonard Packel*, Assistant Defender, with him *Melvin Dildine*, Assistant Defender, *Martin Vinikoor*, First Assistant Defender, and *Herman I. Pollock*, Defender, for appellant.

*Michael M. Baylson*, Assistant District Attorney, with him *Alan J. Davis*, Assistant District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., June 16, 1967:

Appellant was arrested without a warrant by a Philadelphia police officer on May 12, 1966 and found guilty of the charge of illegal use of narcotics, a misdemeanor. He received a suspended sentence and was put on probation for one year.

Appellant contends the arrest without a warrant was illegal and the court below erred in refusing his timely motion to suppress "all evidence" which resulted from that arrest.

The arresting officer, at the time of the arrest a member of the Special Investigations Squad specializing in narcotics, testified he was sent with another officer to conduct an investigation of "illegal activities" in the 1900 block of Darien Street, Philadelphia. At that time he observed appellant walking down the street carrying a television set and acting in an "unusual manner", and appearing to be under the influence of narcotics. He approached appellant and observed that "his pupils appeared dilated, and he acted in a trance state, quite calm. . . ." Appellant was placed in custody. An examination of his arms revealed recent puncture marks. A physician who examined him testified that these marks indicated recent injections and the appellant admitted taking heroin that day.

Appellant argues the arrest was unlawful, not because he was not under the influence of narcotics, but because a warrantless arrest for a misdemeanor may only be made where there is a breach of the peace, and secondly, because no act constituting a misdemeanor was witnessed by the officer.

There is no merit to the argument that the misdemeanor must have constituted a breach of the peace in order to justify an arrest without a warrant since this is not the rule in Pennsylvania. Rather the rule in this state is that an officer may make an arrest without a warrant where he has probable cause to believe that a misdemeanor is being committed in his presence. *Commonwealth v. Calvarese,* 199 Pa. Superior Ct. 319, 185 A. 2d 657 (1962); *Commonwealth v. Rubin,* 82 Pa. Superior Ct. 315 (1923); *Rarick v. McManomon,* 17 Pa. Superior Ct. 154 (1901); *Commonwealth v. Truitt,* 369 Pa. 72, 88, 85 A. 2d 425, 432 (1951) (concurring opinion of STERN, J.); Note, 100 U. Pa. L. Rev. 1182, 1185 (1952); 3 P.L.E., Arrest, §4; A.L.I. Code of Crim. Proc., pp. 231-233.

Was there probable cause to warrant this officer's belief that a misdemeanor was being committed in his presence? The police officer, who at the time of the arrest had been working in the narcotics section for seven years, testified appellant was in a narcotic state, that his pupils were dilated and he acted as though in a trance indicating he was using narcotics at the time of the arrest. We are of the opinion that this was sufficient to warrant the officer's belief that the Act of September 26, 1961, P. L. 1664, §4r, 35 P.S. §780-4r, was being violated. That act prohibits the "(u)sing, taking, administering to the person or causing to be administered to the person . . . any narcotic drug. . . ." We cannot agree with appellant's contention that the actual injecting of the drug must be witnessed in order

to prove the misdemeanor. The word "use" means "putting to service of a thing. . . ." Webster's Third New International Dictionary. Appellant certainly was putting to service the drugs when he was arrested. If the legislature intended to limit the prohibited act to that of "taking" or "administering" drugs it could have done so. Instead it employed the broader terminology quoted above. The use of drugs is offensive to society precisely because of its effect on the person and the harm to which such use may lead. It would be anomalous indeed if one could not legally possess drugs for his own use, but could walk the streets in a narcotic trance with complete immunity.

Appellant argues that *Commonwealth v. Pincavitch,* 206 Pa. Superior Ct. 539, 214 A. 2d 280 (1965), is controlling. But the statute in that case was more narrowly drawn than in this case, there prohibiting the *consuming* of alcoholic beverages, and our determination there that the prohibited offense was not committed in the presence of the officer cannot be extended to cover the broader scope of the terms "using . . . any narcotic drug."

Affirmed.