## Commonwealth v. Mixell

*Frances H. DelDuca,* for appellant.

*Harold E. Sheely, District Attorney,* for Commonwealth.

SHUGHART, P. J., July 11, 1969.—At a hearing on the above matter on July 8, 1969, Charles L. Bear, Chief of Police of the Borough of Newville, testified that at approximately 9:30 p.m. on the evening of August 31, 1968, he observed a motor vehicle parked to the rear of a bowling alley in an area that was not normally used for parking at this time of day. He approached the vehicle and observed a person determined to be the defendant lying on the rear seat of the vehicle as though sleeping. Upon opening the door, he observed the odor of intoxicants, and when Mixell got out of the vehicle he walked with a staggering and unsteady gait to the squad car. Chief Bear testified that the vehicle was not that of defendant, but belonged to an individual named Nelson. The chief testified that he did not observe Mixell drink any beer or other alcoholic beverages and that there were no

empty beer cans in the motor vehicle, but in his opinion, defendant was at the time under the influence of intoxicants. Chief Bear testified that Mixell was born February 5, 1950, and was thus 18 years of age at the time of the alleged offense.

Based on the observations noted above, Chief Bear filed an information charging defendant with a summary offense under section 675.1 of the Act of June 24, 1939, P. L. 872, as amended, 18 PS §4675.1, which provides in part as follows:

"It shall be unlawful for a person less than twenty-one years of age to attempt to purchase, to purchase, consume, possess or to transport any alcohol, liquor or malt or brewed beverages within the Commonwealth."

At the conclusion of the Commonwealth's testimony which consisted solely of that of Chief Bear, defendant interposed a demurrer. Since counsel indicated that no testimony would be offered if the demurrer were overruled, we reserved our ruling. The matter is now before us for decision.

Counsel for defendant relies upon the decision in Commonwealth v. Pincavitch, 206 Pa. Superior Ct. 539, as authority for the proposition that one cannot be found guilty of consumption of alcoholic beverages under the above statutory provision where the officer does not observe the actual intake of the alcoholic beverage. We do not believe that the Pincavitch case so holds. In that case a police officer arrested defendant without a warrant when the arresting officer smelled alcohol on the breath of the defendant as he was walking on the street at 3 a.m. As a result of the arrest, defendant was searched and alleged fruits of a burglary were removed from his person. The court actually decided that the circumstances were not such as justified an arrest without a warrant and therefore the search of defendant's person was improper. Judge

Montgomery, speaking for the court, said at page 543:

"Walking on the street at three o'clock in the morning with the odor of liquor on one's breath does not constitute drunkenness, breach of the peace, vagrancy or riotous or disorderly conduct, nor does it constitute an offense committed in the officer's presence under the act forbidding minors to consume alcoholic or malt beverages."

It will be noted that the circumstances in the Pincavitch case vary substantially from the situation here where defendant was not walking on the street but rather lying in the back seat of a car in an obviously stuporous condition and upon being roused had difficulty walking and was, in the opinion of the officer, under the influence of intoxicating liquors. The factual situation alone serves to distinguish the two cases.

In a subsequent case, Commonwealth v. Garrick, 210 Pa. Superior Ct. 124, 126, the Superior Court upheld an arrest on a charge of illegal use of narcotics in a case where the police officer observed defendant walking down the street carrying a television set and acting in an unusual manner and appearing to be under the influence of narcotics when, upon being approached by the officer, the latter observed that defendant's pupils appeared dilated and defendant acted in a trance state, quite calm. The court in that case considered the Pincavitch case and rejected it as controlling.

We are not here concerned with the validity of an arrest but rather with whether prosecutions for the consumption of alcoholic beverages are restricted to those situations where a police officer observes the actual intake of alcoholic beverages. We believe that the legislature never intended such an absurd result: Statutory Construction Act of May 28, 1937, P. L.

1019, art. IV, sec. 52, 46 PS §552. The statute makes it illegal to consume alcoholic beverages. From the officer's testimony, it is clear beyond peradventure that defendant had consumed alcoholic beverages even though the officer did not observe the actual intake of the liquid. If prosecutions for the violation of this statute were restricted to those few cases where the police officer observed an offender with a glass or bottle at his lips, the statute would be completely ineffective to accomplish its obvious purpose because almost in every case the approach of a police officer would result in an unbending of the elbow. If we accepted the argument advanced here, we would next be called upon to acquit when the officer observed a glass or bottle at the mouth of the offender but was unable to testify that he saw the contraction of the throat indicating that the offender had actually swallowed some of the alcoholic beverage.

We have no difficulty in concluding that the demurrer must be overruled.

### ORDER

And now, July 11, 1969, for the reasons set forth above, defendant's demurrer to the evidence is overruled, and since defendant indicated that no testimony would be offered from defendant, defendant is found guilty and is directed to appear for sentence on Tuesday, July 22, 1969, at 10 a.m. (EDT), unless prior thereto he shall have paid through the probation office the costs of prosecution and a fine of $50.