361 A.2d 775

**COMMONWEALTH of Pennsylvania**

v.

**David FONTAINE, Appellant.**

Superior Court of Pennsylvania.

June 28, 1976.

406

Calvin S. Drayer, Jr., Asst. Public Defender, Norristown, for appellant.

Stewart J. Greenleaf, Chief, Appeals Div., Norristown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

On June 7, 1971, appellant entered a plea of guilty to an indictment charging violations of The Drug, Device and Cosmetic Act, Act of September 26, 1961, P.L. 1664, § 1 *et seq.*, 35 P.S. 780–1 *et seq.* Specifically, the appellant pled guilty to "use of heroin, which would be a narcotic drug, and also there was found the possession of speed, a residue of speed, and possession of a residue of marijuana." N.T. Violation of the Drug Device and Cosmetic Act (Guilty Plea), June 7, 1971 at 2.[1] The ap-

1. The indictment is important to the disposition of this appeal.
   "THE GRAND JURY of Montgomery County by this indictment presents that on (or about) January 21, 1971, in said County, DAVID ALDEN FONTAINE did feloniously have in his possession, under his control, deal in, dispense, sell, deliver, distribute, prescribe, traffic in or give away certain dangerous and/or narcotics drugs. [The Drug, Device and Cosmetic Act, Act of September 26, 1961, P.L. 1664, § 4(q), 35 P.S. § 780–4(q).] *SECOND COUNT: That on the same day and year, in said County, the above defendant(s) did unlawfully use, take and administer to his person(s), or cause to be administered to his*

pellant was placed on twenty-four months probation, fined $300.00, and directed to pay the costs of prosecution. No appeal, direct or collateral, was taken.

By reason of the appellant's subsequent misconduct, a probation violation hearing was held on April 26, 1972. The appellant was found in violation of the terms of his probation, his probation was revoked and the following sentence was imposed: "On criminal action No. 258 of 1971, index No. 431 February Term 1971, charging you with a violation of Drug, Device and Cosmetic Act [see note 1 supra], *sentence of the Court on count number two* thereof is as follows, it having been determined that you are in violation of the probationary sentence imposed on this same indictment on June 7th, 1971, now April 26th, 1972, the defendant appearing in open court with counsel, is sentenced to pay the costs of prosecution and undergo imprisonment for not less than one or more than five years in such state correctional institution . . . ." N.T. Probation Violation Hearing at 35–36 (emphasis added). An appeal from this Judgment of Sentence was withdrawn on November 29, 1972.

The appellant served the minimum period of this prison term and was paroled on January 13, 1973. On September 11, 1974, appellant was arrested and charged with rape, involuntary deviate sexual intercourse, indecent assault and simple assault. On January 28, 1975 the appellant entered a plea of guilty to rape and was sentenced to a term of imprisonment of one and one-half to four

*person(s) certain narcotic drugs.* [The Drug, Device and Cosmetic Act, Act of September 26, 1961, P.L. 1664, § 4(r), 35 P.S. § 780–4(r).]" (Emphasis added.)

Marijuana was classified as a "narcotic drug." The Drug, Device and Cosmetic Act, Act of September 26, 1961, P.L. 1664, § 2 (g)(3), 35 P.S. § 780–2(g)(3). Methamphetamine (speed) was classified as a "dangerous drug." The Drug, Device and Cosmetic Act, Act of September 26, 1961, P.L. 1664, § 2(h)(2), 35 P.S. § 780–2(h)(2). Heroin, a derivative of morphine, was a "narcotic drug." The Drug, Device and Cosmetic Act, Act of September 26, 1961, P.L. 1664, § 2(g)(5), (6), 35 P.S. § 780–2(g)(5), (6).

years on the rape charge; the remaining indictments were nolle-prossed. As a result of this conviction, the appellant was recommitted as a parole violator in February of 1975.

The appellant, on March 20, 1975, filed a motion to "vacate and correct" the one-to-five year sentence on the drug charges, the sentence imposed as a result of his probation violation in 1972. The appellant's motion contained the following argument: "Under the authority of Pennsylvania's new drug law, the Controlled Substance Act, the maximum penalty for possession of drugs is a one year jail sentence and/or a fine of $5000 and the offense is a misdemeanor. The maximum penalty for possessing a small amount of Marijuana is thirty days and/or a fine of $500.00.

"Act 54, enacted July 25, 1973 [The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, No. 64, § 38, *as amended*, Act of July 25, 1973, No. 54, § 1, 35 P.S. § 780–138 (Supp.1975–76)], states that persons convicted before June 12, 1972, under drug laws in effect before the Controlled Substance Act, are entitled to have their sentences reduced to what they would have been under the Controlled Substance Act and to have their criminal records changed accordingly." The lower court dismissed appellant's motion, and this appeal followed.

The lower court dismissed the appellant's motion on the basis of the following analysis. The lower court viewed the appellant's motion to "vacate and correct" his one-to-five year sentence as invoking section 39(a) of The Controlled Substance, Drug, Device and Cosmetic Act which provides:

"(a) Prosecution for any violation of law occurring prior to the effective date of this act is not affected or abated by this act. In any case *not yet final* if the offense is similar to one set out in this act, the penal-

ties under this act apply if they are less than those under prior law." The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, No. 64, § 39(a), 35 P.S. § 780–139(a) (Supp.1975–76) (emphasis added).

The lower court then observed that "[t]his defendant's judgment of conviction was entered on June 7, 1971, when his guilty pleas were accepted by this Court. His appeal rights were exhausted when he failed to perfect an appeal from his conviction within thirty days thereafter. The deadline for his petition for *certiorari* elapsed July 8, 1971." The lower court then concluded: "Inasmuch as defendant's conviction *was final* nine months prior to the effective date of the Controlled Substance Act, he is not entitled to benefit from its more lenient provisions." (Emphasis added.)

However, the appellant's motion to "vacate and correct" the sentence of one-to-five years did not invoke section 39(a) of The Controlled Substance, Drug, Device and Cosmetic Act but invoked the Act of July 25, 1973, No. 54, § 1, 35 P.S. § 780–138 (Supp.1975–76) which amended section 38 of The Controlled Substance, Drug, Device and Cosmetic Act [2] to read as follows.

"The provisions of this act shall not affect any act done, liability incurred, or right accrued or vested, or affect any suit or prosecution pending to enforce any right or penalty or punish any offense under the authority of any Act of Assembly, or part thereof, repealed by this act: Provided, however, That in any *case final on or* before June 12, 1972 in *which a defendant was sentenced for the commission of acts similar to those proscribed by subsection (16) or (31), but not (30), of section 13(a) of this act,* such defendant shall be resentenced under this act upon his petition

2. Act of April 14, 1972, No. 64, § 38, 35 P.S. § 780–138 (Supp. 1975–76).

*if the penalties hereunder are less than those under prior law* and in such case the prior criminal record of the defendant shall be expunged to the extent that such record shall no longer contain any reference to the prior grade of the offense if higher than the grade of the offense to which defendant is resentenced." The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, No. 64, § 38, *as amended,* Act of July 25, 1973, No. 54, 35 P.S. § 780–138 (Supp.1975–76) (emphasis added).

■ After close review of the record it is apparent that neither section 39(a) nor section 38 is controlling. When appellant's probation was revoked, he was given a one-to-five year sentence on the second count of the indictment, *"use* of certain narcotic drugs" to-wit, heroin. *See* note 1 and text accompanying note 1 supra.[3]

The use of heroin was proscribed under The Drug, Device and Cosmetic Act, *see* note 1 supra, but there is no similar offense under The Controlled Substance, Drug, Device and Cosmetic Act. Therefore, appellant's case, in terms of the offense for which he was sentenced, did not involve "an offense similar to [an offense] set out in [The Controlled Substance, Drug, Device and Cosmetic Act] . . ." and section 39(a), *see* text, supra, is not applicable.

Similarly, section 38 of The Controlled Substance, Drug, Device and Cosmetic Act is not applicable because the appellant was not sentenced "for the commission of acts similar to those proscribed by subsection (16) or (31), but not (30), of section 13(a) . . .." *See* text supra.

■ However, the foregoing does not conclude our review of this case. We are bound by the record which

---

**3.** The "use" of heroin charge arose from a lab report of an urinalysis which came back positive for morphine and positive for methadone.

shows that the lower court imposed sentence on the *Second Count* of the indictment, the use of narcotics, and a one-to-five year sentence on the "use" charge is illegal. Under The Drug, Device and Cosmetic Act, Act of September 26, 1961, P.L. 1664, § 20(a), Act of August 24, 1963, P.L. 1147, No. 448, §§ 1, 2, 35 P.S. § 780–20(a), the *use* of a narcotic drug was a misdemeanor punishable by imprisonment for not more than one year or a fine of not more than $5,000.00 or both. *See Commonwealth v. Garrick,* 210 Pa.Super.Ct. 124, 232 A.2d 8 (1967) (*use* of narcotics [heroin] was a misdemeanor). Therefore, the sentence imposed was excessive and we must remand this case for resentencing on the *use* offense, under the prior law [The Drug, Device and Cosmetic Act].

Case remanded for resentencing consistent with this opinion.

WATKINS, President Judge, concurs in the result.