ALEXANDER, P.J.,
Defendant was issued a citation alleging that he consumed a malt brewed beverage in Paint Township, Clarion County, Pennsylvania at 1:35 a.m. on April 1, 1990 in violation of section 6308 of the Crimes Code (18 Pa.C.S. §6308). Defendant was found guilty at a trial before Magistrate Norman Heasley (District Justice 18-3-02) on May 10, 1990 and appealed to this court. At a trial de novo on July 13, 1990 this court sustained defendant’s demurrer at the conclusion of the Commonwealth’s evidence. The purpose of this opinion is to reduce to writing the statements made by this court from the bench at the time the demurrer was sustained and to elaborate upon the reasons for that decision.
The offense which defendant has been accused of violating is statutorily defined as follows:
“(a) Offense defined — A person commits a summary offense if he, being less than 21 years of *487 age, attempts to purchase, purchases, consumes, possesses or knowingly and intentionally transports any liquor or malt or brewed beverages, as defined in section 6310.6 (relating to definitions).” 18 Pa.C.S. §6308(a).
Defendant was not charged with purchasing, possessing, or transporting, but only with consuming an alcoholic beverage.
The only witness to testify at the trial was Trooper Robert L. Maxwell of the Pennsylvania State Police who testified that while investigating an automobile accident in Monroe Township, Clarion County, Pennsylvania, he detected the odor of alcohol on the breath of defendant, who was a passenger in the vehicle. Trooper Maxwell transported defendant, along with the driver, to the state police barracks in Paint Township, Clarion County, Pennsylvania and at approximately 1:35 p.m. on the morning of April 1, 1990 administered an intoxilyzer test to defendant, the results of which revealed that defendant’s blood contained 0.048 percent alcohol.
Trooper Maxwell also testified that defendant admitted to him that he was under 21 years of age and had drunk four beers but the trooper did not ask him when or where he drank this beverage.
It is the contention of the Commonwealth that defendant was consuming beer at the time that he submitted to the intoxilyzer test at the state police barracks in Paint Township since the alcohol from that beer was still in his bloodstream. Defendant contends that the crime of consuming is not a continuing event which continues as long as the alcohol remains in the bloodstream but is a crime which is only committed when the person drinks the beverage.
If defendant’s contention is correct, the Commonwealth offered no evidence that any crime was *488 committed by defendant in Paint Township as was charged, nor within the jurisdiction of this court.
The pivotal issue in this case is whether a person “consumes” beer from the time he drinks it until its existence in his bloodstream totally disappears.
The issue of whether or not the crime of consuming alcohol by an underage person is a continuing offense was before the Pennsylvania Superior Court in Commonwealth v. Pincavitch, 206 Pa. Super. 539, 214 A.2d 280 (1965). Evidence of a burglary was found on Pincavitch by a police officer who smelled alcohol on his breath. The Commonwealth had successfully contended at Pincavitch’s trial that the search was incident to the lawful arrest of Pinca-vitch, a minor, for the summary offense of underage drinking.[1]
In the context of the Pincavitch case it was incumbent upon the Commonwealth to show that an offense had been committed in the presence of the police officer to justify the arrest and thereby validate the search.
The Superior Court reversed the conviction of Pincavitch stating that Pincavitch’s conduct did not “constitute an offense committed in the officer’s presence under the act forbidding minors to consume alcoholic or malt beverages.”
The Superior Court later reaffirmed the scope of the underage drinking statute in Commonwealth v. Garrick, 210 Pa. Super. 124, 232 A.2d 8 (1967). In Garrick the court found that the term “use” in the narcotics statute was broader than the term *489 “consume” in the underage drinking statute. The court therefore found that Garrick was “using” even though there was no evidence of when and where he ingested the drug. The court noted that the word “use” means “putting to service of a thing,” citing Webster’s Third New International Dictionary. See also, Commonwealth v. MacKay, 96 Montgomery L. Rep. 134. (1973).
In a lower court decision in Cumberland County, the court applied the reasoning of the Garrick case to an underage drinking case. See Commonwealth v. Mixell, 47 D.&C. 2d 499 (1969). The lower court in Mixell believed that it could not accept the Pinca-vitch decision because it would mandate that a police officer must see the alcohol consumed.
This court believes that the lower court in Mixell improperly relied upon the Superior Court’s definition of “use” and ignored it’s definition of “consume.” Furthermore, this court does not believe that the Pincavitch decision mandates that a police officer must actually see the alcohol consumed by a minor in order to sustain a conviction under the underage drinking statute. Certainly a conviction can be sustained under that statute by circumstantial evidence if it can be proven beyond a reasonable doubt by such evidence that the accused did in fact consume alcohol at a known location.
The issue which is now before this court was before the Supreme Court of the State of Washington in Washington v. Hornaday, 713 P.2d 71 (1986). The precise issue in Hornaday was whether or not the Washington court should reverse the conviction of Hornaday for resisting arrest, which crime in Washington is predicated upon the arrest being lawful. Under Washington law the arrest which Hornaday resisted was only lawful if Hornaday, who was underage, was violating the Washington *490 underage drinking statute in the presence of the arresting officer by having alcohol in his body. The Washington court came to the same conclusion as did the Pennsylvania Superior Court in Pincavitch, supra, but, unlike the court in Pincavitch, fully explored the scope of its underage drinking statute.[2]
The Washington statute defined “consume” as including “the putting of liquor to any use, whether by drinking or otherwise.” The Washington Supreme Court, however, found that the statutory definition was not helpful in resolving the issue of whether or not the consumption of liquor includes the assimilation of alcohol which occurs after the liquid has been swallowed. The court therefore turned to the common definition of the word to interpret the statute.
Since the Pennsylvania statute contains no definition of consume, the common definition of the word will control in this case the same as it controlled in Homaday.
The Washington court found, as does this court, that “consume” is present tense and is defined as follows:
“To destroy or to bring to utter ruin; to destroy the substance of, especially by fire; to destroy by *491 eating, devouring and annihilating the form of a substance; to destroy, to use up, to expend; to waste or burn away; to perish, to spend wastefully, or to use up, expend, waste, devour, or exhaust.
“The word ‘consume’ is also defined to mean . . . to eat or drink up (food); devour ....
“ ‘Consume’ may be employed as the equivalent of, or synonymous with, ‘absorb,’ ‘destroy,’ ‘engulf,’ ‘exhaust,’ ‘lavish,’ ‘swallow up,’ and ‘waste’; also ‘dissipate,’ ‘spend,’ and ‘squander’; and also ‘expend’ and ‘use.’ ” 16D C.J.S. Consume 711-2 (1985).
This court does not believe that any ambiguity exists in the statute and that the legislature has made it clear that it intended to make a specific act of a person a crime and did not intend to make a specific condition of a person a crime. For the sake of argument, however, if we were to assume that the language of the statute is ambiguous, such language must be interpreted in a light most favorable to the criminally accused. See 1 Pa.C.S. §1928(b)(l); Commonwealth v. Driscoll, 485 Pa. 99, 401 A.2d 312 (1979); Commonwealth v. Fisher, 485 Pa. 8, 400 A.2d 1284 (1979); Commonwealth v. Glover, 397 Pa. 543, 156 A.2d 114 (1959).
The Washington Supreme Court in Homaday, supra, raised a “practical consideration” in its discussion of the statute:
“Finally, practical considerations as well as rules of statutory construction persuade us that the State’s interpretation of ‘consume’ as an ‘ongoing process’ is improper. Consider the situation where a 20-year-old minor journeys into Idaho or British Columbia where the legal drinking age is 19 and there imbibes intoxicating liquor. Under the statutory interpretation urged by the State, probable cause to arrest the same 20-year-old for violation of *492 RCW 66.44.270 exists if he returns to the state of Washington with any trace of liquor still present in his body. Thus, although he did not drink any intoxicating liquor within this state, he might still be subject to arrest for ‘consuming’ liquor in the presence of a police officer who happened to notice his condition or who smelled alcohol on his breath. The minor who has legally consumed liquor with the consent of parents, for legal religious purposes, or legally just across the state line has not committed a crime and does not commit one by coming near a police officer before the alcohol in his blood has been dispelled. The legislature could not have intended such a result in those instances.”
There is an additional policy reason which could cause the legislature to hesitate in enlarging the scope of the underage drinking statute to include the continuing offense of having alcohol in the bloodstream. Such a crime would discourage all underage users from seeking medical or other aid when needed for themselves or their companions; if they knew that they can be arrested for having alcohol in their bloodstreams, they would naturally avoid contact with adults of authority.
A reasonable argument can be made, however, that the underage drinking problem in this state is of sufficient magnitude to cause the legislature to enlarge the scope of the underage drinking statute to include the continuing offense of having alcohol in the bloodstream.
There is no question that the legislature could, if it wished to, make the condition of a person be the essence of the crime. If such a continuing offense is created, however, it must be created by the legislature and not by a court.
The issue before this court is relatively clear. Defendant was arrested for consuming an alcoholic *493 beverage in Paint Township, Clarion County. The Commonwealth’s testimony not only failed to prove that he consumed alcohol in Paint Township, but negated the possibility that he did since his presence in that township was at all times in the company of the police officer.
The Commonwealth’s case does not fail simply because its evidence contradicts the facts alleged in the citation. The Commonwealth has not been able to show that a crime was committed within the jurisdiction of this court. There is no question that the locus of a crime is always at issue because a court has no jurisdiction unless a crime was committed within the county of trial. Commonwealth v. Boyle, 516 Pa. 105, 532 A.2d 306 (1987).
There is no order attached to this opinion since this opinion has been written as an explanation of the order of this court of July 13, 1990, sustaining defendant’s demurrer.

. The statute in the Pincavitch case was a predecessor of the current underage drinking statute, i.e., Act of June 24, 1939, P.L. 872, §675.1, as amended 18 P.S. §4675.1 There is no distinction for the purpose of the issue before this court in the language of the 1939 statute defining underage drinking and the present statute under which defendant was arrested.

. The Homaday court was also faced with the question of whether or not the defendant was guilty of possessing alcoholic beverages when those beverages were still within his body. The Washington court held that the essential element of control is absent once the alcohol has been assimilated into the body and that the person is, therefore, not in possession within the meaning of the underage drinking statute. The issue of possession is not before this court since defendant in this case was not arrested for possession. This court, however, has found that alcohol within the bloodstream does not constitute possession. See Commonwealth v. Amato, Court of Common Pleas, Clarion County 89 CR 1989, and Commonwealth v. Spires, Court of Common Pleas, Clarion County 90 CR 1989.