## MONDAY v. UNITED STATES.
### No. 955.

Municipal Court of Appeals for the District of Columbia.

Submitted Oct. 2, 1950.

Decided Oct. 17, 1950.

Wesley S. Williams, William A. Tinney, Jr., and William B. Bryant, Washington, D. C., for appellant.

Vernon E. West, Corporation Counsel, Chester H. Gray, Principal Assistant Corporation Counsel, and Edward A. Beard, Assistant Corporation Counsel, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Appellant brings here for review an adjudication of the Juvenile Court, based on a jury verdict, finding him to be the father of a bastard child and requiring him to support said child.

The first assigned error relates to the admission of testimony by the complaining witness that she was pregnant in the latter part of March 1949. Appellant argues that such testimony was "unsupported by competent testimony"—presumably meaning medical testimony. He cites no case to support his contention, nor are we aware of any rule of law to that effect. The actual testimony of the complaining witness as shown by the record was "that she learned of her pregnancy the latter part of March, 1949, at Dr. Gill's office; that she had previously missed her menstrual period which was due March 14th," and it was not disputed that the child was born less than nine months thereafter, on November 17, 1949. Thus, in testifying that she was pregnant in the latter part of March, the witness was not venturing a medical opinion but was reporting an actuality. As we have said in Fuller v. United States, D.C.Mun.App., 65 A.2d 589, courts may take judicial notice that the period of human gestation is about 280 days or 9 calendar months.

Appellant also says that the complaining witness should not have been allowed to testify that in February she contracted gonorrhea from defendant. We think the same reasoning applies to this testimony, for the witness had said that she had no relations with any other man during the period involved. Moreover, the record does not show any objection to this testimony.

A sister of the complaining witness was permitted to testify that said complaining witness "never mentioned going with any other men." Appellant attacks this testimony as hearsay. Such it probably was. But at its worst, from defendant's viewpoint, it was merely negative in nature. And in view of other stronger evidence in the case its probative value

was so slight we think it could not have affected the verdict of the jury.[1]

██ Another assignment of error relates to the exclusion of two documents: appellant's application for a New York marriage license in August 1949, excluded on ground of remoteness, and a report of the Board of Police Surgeons (appellant being a policeman) made in April 1949, which the trial judge ruled irrelevant. Appellant in his brief concedes that these rulings were in the field of discretion. We also note that no proffer of the contents of the two papers was made in the trial court,[2] and from the record we cannot tell what the papers contained or what appellant's purpose was in offering them. In his brief in this court he says the documents would have corroborated his testimony that he was on sick leave from February 15th to March 1st, and that he was free of gonorrhea in February, or specifically on February 28th when the complaining witness said he infected her. We rule that both documents were properly excluded. It would not have helped defendant's case if he were permitted to prove that he had no venereal infection in April when the Police Surgeons examined him or in August when he applied for a marriage license in New York.[3] In view of the rapidity of modern methods of treatment[4] it cannot be said that absence of infection at those later dates established that there was no infection on the earlier, February date.

Other assignments of error are either not supported by the record or are without legal substance.

Affirmed.

1. Generally supporting this view are Texas & P. R. Co. v. Watson, 190 U.S. 287, 23 S.Ct. 681, 47 L.Ed. 1057, and Le Cointe v. United States, 7 App.D.C. 16.

2. See Boorstein v. Douglas, D.C.Mun.App., 52 A.2d 492.

3. The record does not reveal the provisions of the New York marriage license statute, or whether it requires a gonorrhea test in connection with a marriage application. And defendant did not say that he was subjected to such a test in New York.

4. See The Journal of Venereal Disease Information, Federal Security Agency, Public Health Service, Vol. 31, No. 4, April 1950.