Commonwealth *v.* Harbaugh, Appellant.

Argued December 11, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

588

*Archibald M. Matthews,* for appellant.

*Robert M. Keim,* District Attorney, for Commonwealth, appellee.

Opinion by Woodside, J., April 12, 1962:

James Harbaugh was convicted by a jury of fornication and bastardy. He was sentenced on both charges after motions in arrest of judgment and for a new trial had been denied by the court below. This appeal followed.

The defendant contends that the evidence produced by the Commonwealth was insufficient to sustain a conviction, and that the verdict was against the weight of the evidence. If there is evidence to sustain the verdict, the court may not arrest judgment, but it may grant a new trial if the verdict is against the weight of the evidence. *Commonwealth v. Coyle,* 190 Pa. Superior Ct. 509, 511, 154 A. 2d 412 (1959).

The Commonwealth produced sufficient evidence in this case to sustain the convictions. The prosecutrix testified that the defendant had sexual relations with her on the 16th of June 1960, which resulted in her becoming pregnant and giving birth to a female child on February 21, 1961. There is no question that the sentence on the charge of fornication must be affirmed, but the bastardy conviction requires careful examination.

The defendant contends that because only 250 days elapsed between the date of his alleged intercourse with the prosecutrix and the date of the birth of the child, the jury could not find him guilty of bastardy. He argues that the jury could not accept 250 days as a possible period of gestation because the expert medical testimony presented at the trial indicated the period of time was not within the possible range. The medical evidence presented in this case was that the normal period of gestation is 280 days[1] with a variation of approximately 20 days before or after with a possibility of a slightly greater variation. The attending physician said he believed that the child was "a normal full time child" weighing 7 lbs. 6 ozs.

The appellant relies on *Commonwealth v. Jodlowsky*, 163 Pa. Superior Ct. 284, 60 A. 2d 836 (1948), in which this Court held that the jury had to rely upon the medical testimony offered at the trial. In *Commonwealth v. Young*, 163 Pa. Superior Ct. 279, 60 A. 2d 831 (1948), filed the same day, this Court did not depend upon the medical testimony of the case, but resorted to medical authorities outside of the record to determine the possible period of gestation. In *Commonwealth v. Watts*, 179 Pa. Superior Ct. 398, 116 A. 2d 844 (1955), this Court held that it was not error for the trial judge to have charged the jury that a gestation period may vary from 220 to 330 days, even though there was no medical testimony in that case to support such conclusion. There is no need to examine the extreme to which the *Watts* case went in extending the period within which conception was deemed possible. See Dissent (179 Pa. Superior Ct. 402, 404).

---

[1] Medical authorities generally consider 267 to 270 days as the correct period of gestation. The period of 280 days generally is used as the time between the last menstrual period and the date of birth. See dissent in *Commonwealth v. Watts*, p. 405.

Medical authorities do not consider a 250 day period of gestation, even for an apparently normal child, to be so unlikely that we should arrest the judgment in the case before us. However, it should be noted that a 250 day period, although not impossible, is unlikely in the case of a normal child believed by the delivery physician to be a "full time baby". The Commonwealth's case becomes weaker as the alleged gestation period increases or decreases from that which is recognized as normal.

To the doubt that a normal child would have a gestation period of only 250 days is added the overwhelming evidence that the mother was promiscuous. This is her third illegitimate child. Two witnesses testified that the defendant said she wanted a dozen children and she didn't care who fathered them. Three men testified that they had intercourse with her during the period within which the child here involved was conceived. The appellant argues that these three men have been prosecuted and sentenced for fornication with the prosecutrix within the period of the conception of the child in question. Such inconsistent positions of the Commonwealth and such inconsistent judgments in different cases do not warrant an arrest of judgment in this case. *Commonwealth v. Albert*, 151 Pa. Superior Ct. 184, 190, 30 A. 2d 184 (1943); *Commonwealth v. Parrotto*, 189 Pa. Superior Ct. 415, 419, 150 A. 2d 396 (1959). However, the overwhelming evidence of the prosecutrix's promiscuity is a matter for serious consideration in determining whether the verdict is against the weight of the evidence.

There were no blood tests taken in this case. The prosecutrix's testimony that the defendant lived with her from April to July 1960 was uncorroborated.

All these facts—the short period of gestation, the lack of blood tests, the overwhelming evidence of the prosecutrix's promiscuity, the inconsistent judgments

of sentences, the inconsistent positions of the Common-
wealth in obtaining convictions,—when taken together
lead us to conclude that the interest of justice would
best be served by granting a new trial on the bastardy
charge. No one of the reasons advanced by the appel-
lant when taken alone merit a new trial, but when
taken together they seem to us to require it.

Prior to the retrial, the defendant will probably
seek blood tests which should be allowed. In the trial
the prosecutor was limited to show sexual relations
with the defendant on the date alleged in the indict-
ment only. As long as the illicit relations attempted
to be proven are within the period of possible concep-
tion, they should be allowed at the retrial. *Common-
wealth v. Watts,* 179 Pa. Superior Ct. 398, 401, supra.

The sentence on the charge of fornication is af-
firmed, but the sentence on the charge of bastardy is
reversed and a new trial granted.

WATKINS, J., dissents and would affirm the bas-
tardy sentence on the opinion of the court below.