**DISTRICT OF COLUMBIA, Appellant,**

**v.**

**Julius Lamar MOCK, Appellee.**

**No. 3785.**

District of Columbia Court of Appeals.

Argued Nov. 29, 1965.

Decided Feb. 24, 1966.

**114**

————◆————

David P. Sutton, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellant.

Virginia R. Mitz, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

The government appeals from the dismissal at preliminary hearing of a complaint in the Juvenile Court charging appellee with being the father of an illegitimate child.

Under our statute when the mother of an illegitimate child accuses a man of being the father of her child, she is examined under oath by an Assistant Corporation Counsel; and, if upon examination there appears "reasonable cause to believe" that the accused is the father of the child, the complaint is reduced to writing, verified by the mother, and filed in the Juvenile Court.[1] Upon filing of the complaint, the statute requires that "the case shall be calendared forthwith for preliminary hearing," and that the accused be summoned to appear in court for that purpose.[2] Neither the nature nor the purpose of the preliminary hearing is set forth in the statute; but there is provision that the court may require the accused to give bond guaranteeing his appearance "on the date set for hearing or trial."[3]

Although the statute is silent on the subject, the practice appears to be that at the preliminary hearing the court makes a determination of whether reasonable or probable cause exists for prosecuting the complaint. We find no fault with this procedure. Our question is whether, on the basis of the evidence presented, the court was justified in ruling as it did, that: "A reasonable cause to believe that the defendant is the father of the child has not been satisfactorily made out."

The only evidence at the preliminary hearing was the testimony of the mother. She testified that she first met the defendant in September 1963 and began having intercourse with him after September 18; that she was having intercourse with him around the beginning of October; that the first day of her last menstrual period was October 1, and she had intercourse with defendant after that date; that the baby was conceived on October 3 and was born on July 10, 1964. She also testified that during the months of September and October 1963, she had intercourse with no one other than defendant.

---

1. D.C. Code 1961, § 16–2344 (Supp. V, 1966).

2. D.C. Code 1961, § 16–2345 (Supp. V, 1966).

3. D.C. Code 1961, § 16–2346 (Supp. V, 1966).

When ruling that reasonable cause had not been established, the court gave no reason for reaching its conclusion. In this court appellee seeks to sustain the court's ruling by arguing that the effect of the mother's testimony was that she conceived from an act of sexual intercourse during the time of her menstrual flow, and that such an occurrence is contrary to common knowledge.

This argument is based upon the acceptance of exact dates, but the only date which can be precisely stated is the date of the birth of the child. The mother's statement that the child was conceived on October 3 obviously was pure conjecture. The complaint stated the conception occurred "on or about" October 3, which date was exactly 280 days prior to birth.[4] The mother was testifying to events which had occurred over a year and a half before the hearing; and her testimony as to dates was necessarily approximations. For example, she testified: "I was having intercourse with him around the beginning of October. I don't know the exact date."

The purpose of the preliminary hearing was not to establish the truth or falsity of the charge; its purpose was to determine whether there existed reasonable ground for submitting the charge to a jury or judge for final determination. The mother testified that she was having intercourse with appellee, and with no other man, in the months of September and October 1963, and gave birth to a child on July 10, 1964. This testimony unrefuted and not obviously incredible, established reasonable cause for prosecuting the charge. It was error to hold otherwise.

Reversed.

4. In Monday v. United States, D.C.Mun. App., 76 A.2d 68, 69 (1950), we said courts may take judicial notice that the period of human gestation is "about 280 days." In Commonwealth v. Harbaugh, 197 Pa.Super. 587, 179 A.2d 656, 657 (1962), it was said in a footnote that "Medical authorities generally consider 267 to 270 days as the correct period of gestation. The period of 280 days generally is used as the time between the last menstrual period and the date of birth." The current Encyclopedia Britannica gives 267 days as the average period of human gestation, with variations from 250 to 285. All the authorities agree there are variations but do not agree as to the possible extent of the variations.