Opinion by
 

 Packer, J.,
 

 An undercover agent took from appellant’s premises a marijuana cigarette butt, and a handful of marijuana. The appellant contends that the taking of both items was in violation of the Fourth Amendment and that, therefore, their analysis could not be a basis for an affidavit of probable cause for the issuance of a search warrant. The record shows, however, that even if the analysis of the two items is disregarded, sufficient probable cause for the search warrant was established by the personal observations of the agent who was experienced in narcotics.
 
 Commonwealth v. Johnson,
 
 198 Pa. Superior Ct. 51, 182 A. 2d 541 (1962) (allocatur denied);
 
 Commonwealth v. Garrick,
 
 210 Pa. Superior Ct. 124, 232 A. 2d 8 (1967). He testified that he saw on the premises the smoking of a yellow hand-rolled cigarette which looked and smelled like marijuana, and that three days later he observed on the premises a jar with green grassy material which to him appeared to be marijuana. These observations, totally apart from the analysis, constituted sufficient probable cause for the search warrant.
 

 We consider without any merit the contention that the search was illegal because the warrant, calling for execution in the daytime, was executed some 25 minutes before the sun rose.
 

 The appellant contends that the sentence of 6 to 23 months for possession of 4% ounces of marijuana constituted cruel and unusual punishment. We need not consider that question because the legislature has provided by The Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P. L. §39(a), 35 P.S. §780-139, that the new penalties in that Act apply in any case not yet final if the offense is similar to one set out in this act,” provided that the penalties under the Act are “less than those under prior law.”
 
 Com
 
 
 *390
 

 monwealth v. Simpson,
 
 222 Pa. Superior Ct. 296, 294 A. 2d 805 (1972).
 

 Judgment of a sentence affirmed but the case is remanded for modification of the sentence pursuant to The Controlled Substance, Drug, Device and Cosmetic Act.