Commonwealth *v.* Wright, Appellant.

Argued April 25, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John W. Packel,* Assistant Defender, with him *Francis S. Wright,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *Louis Perez,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE NIX, November 17, 1972:

In 1969, after waiving trial by jury, the appellant was convicted of assault and battery, aggravated assault and battery, assault and battery with the intent to murder, carrying firearms without a license and receiving stolen goods. On the count of the indictment charging receiving stolen goods, the appellant was sentenced to a term of imprisonment of not less than two years nor more than five years. Sentence was suspended on all other charges. The receiving stolen goods conviction was appealed to the Superior Court and was affirmed per curiam, without opinion. Judge HOFFMAN filed a dissenting opinion in which Judges MONTGOMERY and SPAULDING joined. On January 28, 1972, we allowed an appeal to this Court.

The sole issue presented by this appeal is whether there was sufficient evidence to support a verdict of guilty to the charge of receiving stolen goods. We think not.

In determining the sufficiency of the evidence to support the verdict, we accept as true all testimony and the reasonable inferences therefrom which the jury

could have reasonably believed to reach its determination. In this instance, we must review the evidence in the light most favorable to the Commonwealth, the verdict winner, and accept every reasonable inference arising from that evidence in support of their position. *Commonwealth v. Bailey,* 448 Pa. 224, 292 A. 2d 345 (1972) ; *Commonwealth v. Neal,* 447 Pa. 452, 290 A. 2d 922 (1972) ; *Commonwealth v. Wrona,* 442 Pa. 201, 275 A. 2d 78 (1971) ; *Commonwealth v. Frye,* 433 Pa. 473, 252 A. 2d 580 (1969) ; *Commonwealth v. Frazier,* 411 Pa. 195, 191 A. 2d 369 (1963). After reviewing the record, it is clear the Commonwealth has failed to establish that the "goods" were stolen, a crucial element of the charge of receiving stolen goods. 1939, June 24, P. L. 872, §817; 1943, May 21, P. L. 306, §1; 18 P.S. 4817. *Commonwealth v. Davis,* 444 Pa. 11, 280 A. 2d 119 (1971).

At 11:30 P.M. on August 12, 1968, Officer Kelly, a member of the Philadelphia Police Department, and his partner, received a radio call directing them to 32nd and Turner Streets, the scene of the reported shooting. While enroute, they received "flash information" concerning a 1961 Chevrolet believed to be brown and white containing several males. Officer Kelly observed a vehicle meeting this description containing the appellant and his cousin and two ladies. The officer could not recall at trial the appellant's position in the vehicle when it was stopped and the occupants taken into custody. The color of the automobile that had been stopped by the officers was described as being a "goldish brown", and was left at the scene of the arrest when the occupants were removed. Later, that vehicle was taken first to Northwest Detective Division and then to North Central Detective Division.

The Commonwealth also offered the testimony of a Mr. Joseph Lafazio that on August 9, 1968, his 1962

Chevrolet was stolen. He stated that he identified his vehicle after the theft at "the police station" and described the color of the vehicle as *green*. The only other pertinent testimony was that of one of the victims in the shooting incident, a Mr. Ronald Pearson. He stated that the vehicle from which the shot was fired was a four-door 1961 or 1962 Chevrolet Sedan, light green or turquoise in color and that the appellant was driving.

At best, the Commonwealth has shown that the vehicle that was stolen from Mr. Lafazio was similar or the same in color, make and year to the vehicle the defendant was in at the time of his arrest. Additionally, the defendant had been observed at some point driving the latter vehicle. Unfortunately, for the Commonwealth, there was not one shred of evidence to establish that the vehicle of Mr. Lafazio was the same as the vehicle in which the defendant was found. Clearly, the Commonwealth's responsibility to prove this element of the crime of receiving stolen goods beyond a reasonable doubt was not satisfied by the testimony of Mr. Lafazio to the effect that he made an identification of his vehicle at "the police station".

Recognizing its plight, the Commonwealth in its brief urges this Court, if relief is to be granted, to award a new trial and not arrest judgment. While it is most unfortunate the Commonwealth failed to offer all of the evidence in its possession necessary to establish the charges, this reason does not provide a justification for this Court to refuse the request of the appellant that he be discharged. Under the Act of 1951, June 15, P. L. 585, §1, 19 P.S. 871, where it is determined after a review of the entire record that the evidence is insufficient to sustain the charge, the trial court is mandated to discharge the defendant and dismiss the case. This act does not leave the remedy to

the discretion of the court, but rather, directs the dismissal of the action and the discharge of the defendant. We are now in the position of reviewing the lower court's ruling in this regard and having determined that he should have found the evidence insufficient are merely directing what he should have done in the first instance. *See, Commonwealth v. Bailey, supra.*

The order of the Superior Court and the judgment of sentence entered in the court of original jurisdiction are reversed and the appellant is ordered discharged.