Commonwealth *v.* Dawkins, Appellant.

Submitted March 18, 1974.  Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

Before KING, JR., J., without a jury.

*Lee Mandell,* for appellant.

*David Richman* and *John H. Isom,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., April 11, 1974:

This is a direct appeal from the judgment of sentence upon convictions of aggravated robbery and burglary by the court below, following trial without a jury in which the witnesses were sequestered.  The trial

judge sustained Appellant's demurrers to charges of playfully pointing and discharging a dangerous weapon and carrying a concealed deadly weapon. Motions for a new trial and in arrest of judgment were filed and on April 16, 1972, said motions were denied. Appellant was sentenced to two to four years in the State Correctional Institution at Graterford. A brief review of the testimony will suffice in showing that the lower court was correct and we will affirm the judgment of sentence.

The evidence at trial revealed the following facts: On January 3, 1972, at approximately 2:00 a.m. Appellant, a co-defendant, and two others who were not arrested, went from a neighborhood bar to the house at 2711 Bonsall Street where, Appellant told his friends, he could get some money with which to buy drinks. The Commonwealth's witnesses testified that Appellant and his co-defendant gained entry to the house and kept one of the residents, Clyde Jones, lying on the floor at gunpoint. Elwood Ruley, a resident who heard strange noises, grabbed his shotgun and ran to the stairs. He was told to let the gun drop or Clyde would be shot. He was then ordered to lie beside Clyde.

Bruce Jones, the third resident, had been awakened by the noise. He tried to call the police but was unable to do so when a stranger's voice on an extension phone told him to hang up and join the others downstairs. After he joined the others Appellant and another intruder went upstairs while a third held the residents at gunpoint. Someone from outside the house then yelled that the police were coming and Appellant jumped out a second-story window while his co-defendant ran out the door and hid in a neighboring yard.

Appellant was arrested while fleeing the house and the co-defendant was arrested while hiding in the neighbor's yard.

The residents found that their second-story rooms had been ransacked and that $2.00 had been taken from a drawer in Bruce Jones' bedroom.

Appellant admitted his presence in the house but denied that he had committed any crime. He said he had gone there to obtain money from one of the residents who had given him money before and that the police were called only after this resident was angered when Appellant refused to engage in homosexual acts with him.

The only issue before this court is whether the verdict was against the weight of the evidence. It is equally obvious that the sole issue in this regard in the lower court was credibility. That matter was passed on by the trier of fact as was the weight to be given such testimony. The findings of the judge, sitting without a jury, were supported by the record and entitled to the same weight as a jury verdict. *Commonwealth ex rel. Epps v. Myers*, 197 Pa. Superior Ct. 145, 177 A. 2d 28 (1962). Under such circumstances we will not disturb the trial court's discretion in refusing to grant a new trial on the basis that the verdict was against the weight of the evidence. *Commonwealth v. Zapata*, 447 Pa. 322, 290 A. 2d 114 (1972).

In considering whether a verdict is against the weight of the evidence, an appellate court must review the evidence and all reasonable inferences therefrom in a light most favorable to the Commonwealth. *Commonwealth v. Hornberger*, 441 Pa. 57, 270 A. 2d 195 (1970); *Commonwealth v. Reid*, 432 Pa. 319, 247 A. 2d 783 (1968); *Commonwealth v. Portalatin*, 223 Pa. Superior Ct. 33, 297 A. 2d 144 (1972).

In the instant case, Appellant challenges the sufficiency of the evidence to support the verdict because there was more conflicting testimony by the Commonwealth's witnesses than by the defense [Appellant's brief, page 9]. But "[a] mere conflict of testimony does

not render the evidence insufficient: '. . . [T]he test for the sufficiency of evidence—irrespective of whether it is direct or circumstantial, or both—is whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which, if believed, the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty . . . .' " *Commonwealth v. Rankin,* 441 Pa. 401, 404, 272 A. 2d 886, 887 (1971), *citing, Commonwealth v. Schmidt,* 437 Pa. 563, 566, 263 A. 2d 382, 383-84 (1970).

The trier of fact is entitled to believe all, or none, or any part of a defendant's or any witness's testimony. *Commonwealth v. Rankin, supra,* at page 404; *Commonwealth v. Horn,* 395 Pa. 585, 591, 150 A. 2d 872, 875 (1959).

The resolution of conflicting testimony is a function of the trier of fact. Where, as here, the disputed testimony concerns the reason for Appellant's presence in a house not his own, the issue becomes one of credibility, which is also an issue for the trier of fact to resolve.

In its Opinion by Judge Julian KING, Jr., the court below stated its reason for resolving the issue of credibility in favor of the Commonwealth as "the more feasible by far" version of the evidence. The lower court found positive identification of Appellant and that he uninvitedly entered the premises for the purpose of committing a felony while armed. Further, it was found that Appellant took personal property and was apprehended by the police while in flight. Taking all the evidence presented at trial, we must agree that the Commonwealth produced sufficient evidence to convict the Appellant of aggravated robbery and burglary.

Therefore, the judgment of sentence is affirmed.