## Commonwealth *v.* DiSantis, Appellant.

Argued March 26, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

petition for reargument, nunc pro tunc, refused August 26, 1974.

*Louis M. Natali, Jr.,* with him *Segal, Appel & Natali,* and *William A. Atlee, Jr.,* and *Geisenberger, Zimmerman, Pfannebecker & Gibbel,* for appellant.

*Ronald L. Buckwalter,* First Assistant District Attorney, with him *D. Richard Eckman,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., June 21, 1974:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal Division, of Lancaster County after conviction of violation of The Controlled Substance, Drug, Device and Cosmetic Act, 1972, April 14, P. L. 233, No. 64, §1, eff. imd. et seq., based upon a complaint concerning the imposition of a sentence of $200, the costs of prosecution and imprisonment for a term of six to twelve months. This sentence is a proper one under the Act unless the amount of marijuana involved is 30 grams or less.

This appeal was before us at *Commonwealth v. DiSantis,* 416 Oct. Term, 1970, 222 Pa. Superior Ct. 387, 294 A. 2d 798 (1972), and in a unanimous opinion written for this Court by Judge PACKEL, was affirmed and the case remanded for modification of the sentence pursuant to the new Drug, Device and Cosmetic Act, supra. The original sentence imposed on this judgment was six to twenty-three months.

The appellant complains that the testimony of the police officer at the time of sentencing was that he didn't weigh it but that in his opinion it was more than 30 grams. However, as the trial was held three years before, the court and counsel overlooked specific testimony at the trial by the chemist that he had weighed the marijuana and that it weighed 128 grams. In Judge PACKEL's opinion, he put the weight from the record to be 4½ ounces. There is clear evidence that the amount exceeded 30 grams so that the sentence is proper under the Act.

The other complaint raised by the appellant was the refusal by the court to hear further character testimony. Character testimony had been presented at the trial and at the first sentencing the trial court had full knowledge of the evidence of good character and reputation and was very familiar at the time of resentencing with the appellant's business success in the community. The calling of character witnesses some of which had already been heard would be clearly repetitious and well within the discretion of the court under the circumstances of this case.

Judgment of sentence affirmed.

---

CONCURRING OPINION BY SPAETH, J.:

The Majority Opinion does not discuss one of appellant's principal arguments, which is that the sentence should be vacated because it represents "a mechanical application of a sentence that was a pre-determined sentence resting upon a policy followed by the trial judge in cases for possession of marijuana." (Appellant's Brief at 8). If the record supported this allegation, I would vacate the sentence. *See Commonwealth v. Martin*, 226 Pa. Superior Ct. 181, 313 A. 2d 264 (1973) (opinion in support of reversal, SPAETH, J., HOFFMAN and CERCONE, JJ., concurring) allocatur

64

granted May 29, 1974. As the record does not support the allegation, I join in the majority's affirmance.*

HOFFMAN, J., joins in this opinion.

---

* If anything, the record contradicts the allegation. At the second sentencing, the court, responding to argument by appellant's counsel, said: "He received all that consideration at the time he was initially sentenced because at that time people were uniformly getting a sentence of two to five years." Appellant, however, had at the first sentencing been sentenced to a term of 6 to 23 months.