Commonwealth *v.* Tolbert, Appellant.

Submitted March 17, 1975. Before WATKINS, P.J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

Joshua M. Briskin, for appellant.

Romaine Phillips, Mark Sendrow, and Steven H. Goldblatt, Assistant District Attorneys, Abraham J. Gafni, Deputy District Attorney, and F. Emmett Fitzpatrick, District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., June 24, 1975:

Appellant and a co-defendant were arrested on January 11, 1974, and charged with burglary[1] and criminal conspiracy.[2] Appellant's motion to suppress the evidence was denied, and appellant was tried on June 11, 1974, convicted, and sentenced to 18 months probation. Appellant raises two arguments of alleged error, both of which are without merit.

The facts reveal the following: at approximately 7:10 p.m., on January 11, 1974, Officer Terrence Gumpper of the Philadelphia Police Department received a radio call informing him that a burglary was in progress at 5639 Litchfield Street. Officer Gumpper proceeded to the scene

---

1. Act of Dec. 6, 1972, P. L. 1482, No. 334, §1 (18 Pa. C.S. §3502).

2. Act of Dec. 6, 1972, P. L. 1482, No. 334, §1 (18 Pa. C.S. §903).

in a marked police car. Although Litchfield Street is a one way street, the officer came up the street against the traffic. He observed the appellant and the co-defendant in a pickup truck in the middle of the block, driving straight toward the police car. The officer testified that Litchfield Street is a narrow street through a residential area and that, considering the location, the pickup truck was moving at a high rate of speed, approximately 25-35 miles per hour, and accelerating. Officer Gumpper was forced to back out of Litchfield Street, and as the pickup truck turned north on 56th Street, he gave chase. Officer Gumpper noticed a number of plumbing fixtures in the rear of the truck.

The officer stopped the truck, and the appellant and the co-defendant were taken back to 5639 Litchfield Street, which is located in the middle of the block. In the rear of the truck, in plain view since it was an open body, the officer found one gas water heater, one kitchen sink and cabinet set with fixtures, one bathroom sink with fixtures, and one toilet and tank. Officer Gumpper testified that the lock attached to the door of the house was partially off, and the door jam had fresh "jimmy" marks on it. The officer then examined the premises and noticed that the sink and drainboard were missing from the kitchen, the sink and toilet had been removed from the bathroom, and that the hot water heater had been removed from the basement.

The Commonwealth also presented the testimony of John Allmond, a realty specialist employed by the Department of Housing and Urban Development (HUD). Mr. Allmond testified that the property in question was unoccupied and had been acquired by HUD on November 2, 1972. He further testified that he had personally visited the property shortly before Christmas of 1973 to see if all repairs had been made, and noted that at that time, all repairs had been completed. However, when he revisited the property on January 18, 1974, he noticed that the

plumbing equipment and pipes had been torn out. The testimony indicated that no one had permission from HUD to remove any of the fixtures from the premises.

The Commonwealth rested its case and the appellant demurred to the charges. The demurrer was denied and the defense then rested. The lower court sitting without a jury found appellant guilty, and this appeal followed the denial of post-trial motions.

Appellant first contends that there was insufficient probable cause to justify the initial arrest. Probable cause to arrest depends upon whether, at the moment the arrest was made, the facts and circumstances within the arresting officer's knowledge were sufficient to warrant a man of reasonable caution to believe that the person arrested had committed or was committing an offense. *Commonwealth v. Mackie*, 456 Pa. 372, 320 A.2d 842 (1974); *Commonwealth v. Jeffries*, 454 Pa. 320, 311 A.2d 914 (1973); *Commonwealth v. DeFleminque*, 450 Pa. 163, 299 A.2d 246 (1973).

When we examine a particular situation to determine if probable cause exists, we consider all the factors and their total effect, and do not concentrate on each individual element. *Commonwealth v. Young*, 222 Pa. Superior Ct. 355, 294 A.2d 785 (1972). We also focus on the circumstances as seen through the eyes of the trained officer, and do not view the situation as an average citizen might. *See Commonwealth v. Young, supra; Commonwealth v. DiSantis*, 222 Pa. Superior Ct. 387, 294 A.2d 798 (1972). Finally, we must remember that in dealing with questions of probable cause, we are *not* dealing with certainties. We are dealing with the factual and practical considerations of everyday life on which reasonable and prudent men act. This is not the same "beyond-a-reasonable-doubt" standard which we apply in determining guilt or innocence at trial. *Commonwealth v. Devlin*, 221 Pa. Superior Ct. 175, 289 A.2d 237 (1972).

In the present case, the officer was responding to a call concerning a burglary in progress. When he arrived at the scene, he observed the appellant and the co-defendant leaving in a pickup truck, traveling at a speed the officer determined to be excessive under the circumstances. The truck was driven directly at the police car, forcing the officer to back out of its path. The officer observed plumbing fixtures in the rear of the truck, and noted that the lettering on the side of the truck indicated that it was not from a plumbing company. Finally, the officer testified that in that area many houses are burglarized for copper tubing, appliances, and plumbing fixtures. "Under all these circumstances, a reasonably prudent man would be justified in believing that [appellant] was guilty of a crime. Thus the warrantless arrest was based on 'probable cause.' " *Commonwealth v. Brayboy*, 431 Pa. 365, 369-70, 246 A.2d 675, 677 (1968).

Appellant's other contention is that the lower court incorrectly inferred guilt from the surrounding facts, citing the recent case of *Commonwealth v. Turner*, 456 Pa. 116, 317 A.2d 298 (1974). He is, in effect, challenging the sufficiency of the evidence to sustain the conviction. We have recently re-examined the propriety of drawing inferences from proven facts. *See Commonwealth v. Dale*, 232 Pa. Superior Ct. 213, 335 A.2d 454 (1975). In *Dale*, we acknowledge that the *Turner* opinion expressed concern with over extension of the use of inferences. *Turner* did not, however, abolish the use of inferences in the Commonwealth. As we stated in *Dale, supra*: " In the proper limited case, under the correct factual setting, guilt may still be inferred." 232 Pa. Superior Ct. at 222, 335 A.2d at 459. This is such a case.

It is well settled that while the Commonwealth must establish every essential element of a crime beyond a reasonable doubt, this burden may be sustained by means of wholly circumstantial evidence. *Commonwealth v. Stanley*, 453 Pa. 467, 309 A.2d 408 (1973); *Common-*

*wealth v. McFadden*, 448 Pa. 146, 292 A.2d 358 (1972). When we examine the case at bar, we note, in addition to the facts known to Officer Gumpper at the time of the arrest, that the house at 5639 Litchfield Street showed signs of very recent forced entry, that the plumbing fixtures were missing from the house, and that no one was authorized to remove these fixtures.

Appellant then contends that the Commonwealth made no attempt to prove that the fixtures found in the back of the pickup truck were the same fixtures which had been removed from the house. However, to argue that, as the police arrived, the appellant just happened to be pulling away from in front of the burglarized premises carrying plumbing fixtures which corresponded to those stolen, is simply too great a coincidence. Certainly, under the facts and circumstances of this case, the inference binding those fixtures to this burglary is proper. *Commonwealth v. Shaffer*, 447 Pa. 91, 288 A.2d 727 (1972).

This case is replete with incriminating evidence, both direct and circumstantial. The verdict rendered by the lower court is supported by ample evidence and proper under the laws of this Commonwealth.

Judgment of sentence is affirmed.