499 A.2d 644

**COMMONWEALTH of Pennsylvania**

v.

**Jeffrey Ray NORRIS, Appellant.**

Superior Court of Pennsylvania.

Argued March 12, 1985.

Filed Oct. 11, 1985.

Robert L. McQuaide, Gettysburg, for appellant.

Roy A. Keefer, Assistant District Attorney, Gettysburg, for Commonwealth, appellee.

Before TAMILIA, LIPEZ and BUCHER, JJ.*

TAMILIA, Judge:

This is an appeal from the judgment of sentence entered pursuant to appellant's conviction for robbery. Sentence imposed was five to fifteen years imprisonment under the provisions of 42 Pa.C.S.A. § 9712(a) requiring a mandatory five year sentence for crimes committed with a firearm.[1]

■ Appellant's first argument is that there was no probable cause for his arrest; thus the physical evidence seized by the police should have been suppressed. We disagree.

---

* The Honorable WILSON BUCHER, Senior Judge, of the Court of Common Pleas of Lancaster County, Pennsylvania, is sitting by designation.

1. We note that the jury found appellant guilty of several crimes but that he was sentenced only on robbery, a felony of the first degree. 18 Pa.C.S.A. § 3701(a)(i),(ii).

In *Commonwealth v. Williams,* 317 Pa.Super. 456, 464, 464 A.2d 411, 415 (1983), this Court stated:

The standard to be used in assessing whether there was probable cause for a given arrest was set forth by this court in *Commonwealth v. Jones,* 271 Pa.Super. 528, 532, 414 A.2d 379, 381 (1979):

Probable cause to arrest existed if, at the time appellant was detained by the police, the facts and circumstances known to them and of which they had reasonably trustworthy information, were sufficient to warrant a prudent man in believing that appellant had committed the ... [crime]. *Commonwealth v. Powers,* 484 Pa. 198, 201, 398 A.2d 1013, 1014 (1979). The test is not one of certainties but one of probabilities dealing with considerations of everyday life. *Commonwealth v. Dickerson,* 468 Pa. 599, 605, 364 A.2d 677, 681 (1976). The facts known must be viewed from the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of the arrest guided by his experience and training. *Commonwealth v. Tolbert,* 235 Pa.Super. 227, 230, 341 A.2d 198, 200 (1975).

Here, our review of the record discloses that appellant's arrest was supported by probable cause. Appellant was in a car stopped initially for a summary motor vehicle violation and was arrested when the officer noticed that the occupants of the car matched descriptions of persons who had just robbed a pharmacy a short distance away. As the lower court concluded:

The furtive and suspicious nature of the occupants' conduct coupled with the descriptions matching those of the robbery suspects gave the officer probable cause to believe the occupants had participated in the then recent robbery. *Commonwealth v. Jones,* 457 Pa. 423, 322 A.2d 119 (1974); *Commonwealth v. Wilder,* 461 Pa. 597, 337 A.2d 564 (1975).

(Slip Op. at 3). We, therefore, find that there was probable cause for the arrest and that the physical evidence (i.e., the stolen items) need not be suppressed as fruits of that

arrest. *Williams, supra. See Commonwealth v. Stasiak,* 305 Pa.Super. 257, 451 A.2d 520 (1982); *Commonwealth v. Urbina,* 290 Pa.Super. 117, 434 A.2d 157 (1981).

Appellant next argues that the application of the mandatory sentence provisions of 42 Pa.C.S.A. § 9712 [2] are unconstitutional in the following respects:

2. 42 Pa.C.S.A. § 9712 provides:

**§ 9712. Sentences for offenses committed with firearms**

(a) **Mandatory sentence.**—Any person who is convicted in any court of this Commonwealth of murder of the third degree, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i),(ii) or (iii) (relating to robbery), aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) (relating to aggravated assault) or kidnapping, or who is convicted of attempt to commit any of these crimes, shall, if the person visibly possessed a firearm during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.

(b) **Proof at sentencing.**—Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

(c) **Authority of court in sentencing.**—There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

(d) **Appeal by Commonwealth.**—If a sentencing court refuses to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this section.

(e) **Definition of a firearm.**—As used in this section "firearm" means any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive or the expansion of gas therein.

1) the statute does not provide for proper notice of the offense charged and the requisite elements, which includes the visible possession of a firearm;

2) the statute places appellant in jeopardy of being deprived of his freedom for a minimum of five years yet the facts for determining that minimum are not to be determined by a jury, thus violating the Sixth Amendment right to a jury trial for crimes penalized by more than six months imprisonment;

3) the standard of proof applied (i.e., preponderance of the evidence) violates due process as visible possession of a firearm is an element of a crime and therefore requires proof "beyond a reasonable doubt";

4) the statute is void for vagueness because of the notice deficiency;

5) the statute violates the separation of powers by usurpation of the judiciary's function; and

6) the statute violates the Equal Protection Clause in that it differentiates between persons who use variant means to commit the same act.

Our Supreme Court has unanimously upheld the constitutionality of the mandatory sentencing provisions in the recent case of *Commonwealth v. Wright et al.*, 508 Pa. 25, 494 A.2d 354 (1985; Opinion by Nix, C.J.) The central issue of *Wright*, which was a consolidation of five appeals, was whether proof of visible possession of a firearm by a preponderance of the evidence pursuant to section 9712(b) violates the Due Process Clause. The *Wright* Court concluded that visible possession of a firearm is *not* an element of the crime, noting that our Legislature "explicitly provided in section 9712(b) the '[p]rovisions of this section shall not be an element of the crime. ...' 42 Pa.C.S.A. § 9712(b)." *Wright, supra*, 508 Pa. at ——, 494 A.2d at 357. In addition, the *Wright* Court noted that there was no due process violation since section 9712 does not alter the degree of guilt of the crime to which it may be applied. Moreover, the *Wright* Court found that the application of section 9712 only comes into play once the defendant is convicted of one of the enumerated offenses. Since it is

within the province of the legislature to determine the punishment imposable for criminal conduct, the *Wright* Court summarily rejected the argument that section 9712 violates the separation of powers principle by depriving the sentencing court of discretion, and also rejected the claim that section 9712 improperly delegates such legislative power to the executive branch, noting no distinction between such an exercise of discretion and the normal exercise of prosecutorial discretion.

Thus the *Wright* Court held that section 9712 relates solely to the sentencing proceeding and that a higher standard of proof was not necessary. Because the *Wright* Court has comprehensively analyzed and adequately disposed of appellant's arguments one through five, we need not expound on them further. Appellant's sixth argument focuses on a somewhat tenuous equal protection theory.

While the *Wright* Court was not faced with an equal protection challenge, we nevertheless find appellant's equal protection argument to be meritless. Appellant claims that the mandatory sentencing provisions of 42 Pa.C.S.A. § 9712 constitute a denial of equal protection since those defendants who use firearms are sentenced more harshly than all other defendants who commit the same crimes without using a firearm. In support of this argument, appellant relies solely on *Commonwealth v. Bell,* (No. 1401 August Term Phil.C.P.1982), which is currently before our Supreme Court, No. 29 1984, but as of yet remains unassigned.[3] While the *Bell* court found the instant legislation unconstitutional, we find its holding to be contrary to the existing equal protection analysis adopted by the United States Supreme Court; thus, it is not dispositive of the case before us.

This Court previously noted in *Commonwealth v. Webster,* 462 Pa. 125, 130, 337 A.2d 914, 917 (1975), "the starting point of equal-protection analysis is a determination whether the State has created a classification for the

3. The *Bell* case was appealed simultaneously to both the Superior Court and Supreme Court, but since the Supreme Court decided to exercise its jurisdiction, this Court never issued a decision in *Bell.*

unequal distribution of benefits or imposition of burdens." (citations omitted)  Moreover, "the Fourteenth Amendment does not deny to states the power to treat different classes of people in different ways." *Reed v. Reed,* 404 U.S. 71, 75, 92 S.Ct. 251, 253, 404 U.S. 71 (1971), and cases cited therein. In enacting 42 Pa.C.S.A. § 9712, our Legislature was concerned with curbing the proliferation of violent crimes resulting from the use of firearms.  This is exemplified by the concurring opinion of Justice Larsen in *Wright, supra,* which provides a cogent synopsis of the legislation's purpose: "to deter the dangerous and intimidating use of firearms by felons in the perpetration of crimes." *Wright, supra,* 508 Pa. at ——, 494 A.2d at 363.  Because appellant does not belong to a "suspect class" (i.e., race or alienage), *see Graham v. Richardson,* 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971), nor is a fundamental interest involved, *see Stanley v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972), we need only apply the traditional "rational basis" standard to test this legislation. *See Singer v. Sheppard,* 464 Pa. 387, 346 A.2d 897 (1975). *See generally,* L. Tribe, *American Constitutional Law,* 991–1002 (1978).  Doing so, we clearly find the instant legislation to be a reasonable means of achieving a legitimate legislative purpose, thus satisfying the "rational basis" test.

Accordingly, the judgment of sentence is affirmed.