Commonwealth *v.* Ceravolo, Appellant.

*Richard E. Davis,* with him *Joseph M. Stanichak,* for appellant.

*Wayne S. Lipecky,* Assistant District Attorney, with him *Joseph S. Walko,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., June 14, 1973:

This case presents the issue of whether a warrantless search of appellant's automobile was permissible under the Fourth Amendment.

A police officer went to a club where appellant was employed to execute a warrant for appellant's arrest. As appellant left the building and approached his automobile, the officer stopped him and took him back to the club building to read the warrant to him. The officer asked appellant for the keys to his automobile, opened the automobile and found some marijuana inside. The basis for the arrest warrant was a confidential informer's statement that he had purchased marijuana from appellant about two weeks before.

A warrantless search of an automobile is proper if it is incident to an arrest or if there is probable cause to believe that the automobile contains evidence that could be removed or destroyed before a warrant is obtained. *Chimel v. California,* 395 U.S. 752 (1969). The search in this case was not justified under either of these exceptions.

The only reason to believe that narcotics could be found in appellant's automobile was an informer's statement that there "might" be narcotics in the car, without clarification as to why he thought so. (In passing it may be noted that the transcript reveals no reason at all to believe that narcotics were in the automobile. It has been assumed that in referring to the informer's statement the lower court was quoting from the application for the warrant.) Such information would be insufficient to sustain a warrant, but even if not insufficient, a warrant should have been obtained, since the

information was known two weeks before the arrest, and the officer acknowledged that he could have obtained a warrant. *Cooper v. California,* 386 U.S. 58 (1967), does not support a finding of probable cause because *Cooper* was decided under the old "reasonableness of the search" standard set out in *United States v. Rabinowitz,* 339 U.S. 56 (1950), which was discredited in *Chimel, supra. Commonwealth v. Dussell,* 439 Pa. 392, 396, 266 A. 2d 659, 661 (1970), required that ". . . even where the search of a moving vehicle is involved, the officers must have independent probable cause to believe that a felony has been committed, and must have a basis for believing either that evidence of the crime is concealed in the vehicle or that there are weapons therein accessible to the occupants of the car."

The question whether the search was justified as incident to an arrest is more difficult. However, *Chimel, supra,* established the scope of such a search. The reason a search incident to an arrest is permitted is to protect the safety of the officer and to prevent the destruction of any evidence. It follows that the boundaries of the search should be limited to those areas accessible to the suspect while in the custody of the officer. Appellant was next to the building when the officer asked for his keys, and the automobile was locked. There is no reason to believe that appellant was in a position either to use anything in the automobile to endanger the officer, who appears not to have been afraid of appellant, or to destroy any evidence. In *Commonwealth v. Burgos,* 223 Pa. Superior Ct. 325, 299 A. 2d 34 (1972), this Court held that a search was not justified as incident to an arrest when the search was made while the suspect was standing between his car and the police cruiser.

Accordingly, the judgment of sentence is vacated and the matter remanded for a new trial.

WRIGHT, P. J., WATKINS and JACOBS, JJ., dissent and would affirm on opinion of President Judge REED.