**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HENRI JOHNSON | |
| Appellant | No. 2801 EDA 2014 |

Appeal from the Judgment of Sentence July 25, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0037110-2013

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and OLSON, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED FEBRUARY 26, 2016**

Appellant, Henri Johnson, appeals from the judgment of sentence entered in the Philadelphia County Municipal court, as confirmed by the Philadelphia County Court of Common Pleas on September 18, 2014, following denial of Appellant's petition for writ of *certiorari* from his Municipal court convictions on two (2) counts of driving under the influence of a controlled substance or metabolites ("DUI").[1]  Appellant argued in his petition that the Municipal court erred in refusing to suppress the evidence against him.  For the following reasons, we affirm.

The relevant facts and procedural history of this case are as follows. At approximately 9:00 P.M. on September 23, 2013, Officer Devlin of the Philadelphia Police Department initiated a traffic stop of Appellant for driving

_____

[1] 75 Pa.C.S.A. 3802(d)(1) and (d)(2).

a vehicle at night without illuminated headlights. When the officer approached Appellant's vehicle, he smelled an "intense" and "overwhelming" odor of burnt marijuana. When Appellant stepped out of the vehicle, the officer smelled burnt marijuana on Appellant's clothes and breath, and noticed that Appellant's eyes were glassy and bloodshot. As a result, the officer determined Appellant was under the influence of marijuana and arrested Appellant for driving under the influence of a controlled substance.

Appellant appeared before the Philadelphia Municipal court on December 27, 2013, where he moved to suppress the result of his blood test obtained following his arrest. Appellant argued the police did not have probable cause to arrest him and seize his blood sample. Following a hearing, the Municipal court denied Appellant's motion. On May 19, 2014, Appellant was convicted on both DUI counts.[2] The court sentenced Appellant on July 25, 2014, to seventy two (72) hours to four (4) months' confinement, with two (2) months' concurrent probation.

---

[2] On appeal, the Commonwealth rests its position primarily on the proposition that Appellant entered a guilty plea in Municipal court and by virtue of the plea, he waived any objection to that court's suppression decision. We cannot accept this waiver contention. The certified record in this case contains internal inconsistencies. The record represents that Appellant received a guilty trial verdict before the Municipal court. The record also suggests in several other minor places that there was a guilty plea. Because the record is unclear, we proceed as if Appellant was tried and convicted. Even if Appellant entered a guilty plea, Appellant still had the right to appeal to the Court of Common Pleas, but his issue might have been subject to waiver. The Commonwealth, however, argued the merits of the issue before the Court of Common Pleas, which further reinforces our decision to proceed with appellate review on the merits as well.

Appellant timely filed a petition for writ of *certiorari* to the Philadelphia County Court of Common Pleas ("CCP") on August 20, 2014, challenging the denial of his motion to suppress. On September 18, 2014, the CCP denied Appellant's petition for writ of *certiorari*. On September 26, 2014, Appellant filed a timely notice of appeal to this court. On October 28, 2014, CCP ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P 1925(b). Appellant timely filed his statement on November 17, 2014.

Appellant raises the following issue:

> DID NOT THE [TRIAL] COURT ERR IN FINDING THAT POLICE HAD PROBABLE CAUSE TO ARREST APPELLANT FOR DRIVING UNDER THE INFLUENCE OF A CONTROLLED SUBSTANCE BASED ON THE OFFICER'S OBSERVATION THAT THE CAR APPELLANT WAS DRIVING WITHOUT HEADLIGHTS SMELLED OF BURNT MARIJUANA, AND APPELLANT HAD BLOODSHOT EYES?

(Appellant's Brief at 3).

Appellant argues the police lacked probable cause to arrest him for driving under the influence of a controlled substance, based solely on the observation that Appellant, and the car he was driving, reeked of burnt marijuana, and Appellant had bloodshot eyes. Appellant maintains he showed no indication that he was incapable of driving safely. In support of his claim, Appellant points out that he was not driving recklessly; he fully cooperated with the officer; his appearance was neat and orderly; and his speech and sense of balance seemed normal. Appellant concludes he is

entitled to a new trial without the blood results. We disagree.

A petition for writ of *certiorari* asks CCP to sit as an appellate court to review the Municipal Court record. ***Commonwealth v. Beaufort***, 112 A.3d 1267 (Pa.Super. 2015); ***Commonwealth v. Menezes***, 871 A.2d 204, 207 n.2 (Pa.Super. 2005). Issuance of a writ of *certiorari* is within the discretion of the CCP as the reviewing court. ***Commonwealth v. Elisco***, 666 A.2d 739 (Pa.Super. 1995). "*Certiorari* provides a narrow scope of review in a summary criminal matter and allows review solely for questions of law. Questions of fact, admissibility, sufficiency or relevancy of evidence questions may not be entertained by the reviewing court on *certiorari*." ***Id.*** at 740-41.

Review of an order denying a suppression motion is subject to the following principles:

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.
>
>> [W]e may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

***Commonwealth v. Williams***, 941 A.2d 14, 26-27 (Pa.Super. 2008) (*en*

- 4 -

*banc*) (internal citations and quotation marks omitted). Further, "Both Municipal and Common Pleas Courts are bound by the same law and apply the same standards in ruling upon the merits of the suppression motion." ***Commonwealth v. Harmon***, 469 Pa. 490, 498, 366 A.2d 895, 899 (1976) (internal footnote omitted). "The judges of both courts are trained in the law and their decisions are subject to review…upon appeal to the appellate tribunals of this Commonwealth." ***Id.***

Section 6308 of the Motor Vehicle Code provides:

**§ 6308.  Investigation by police officers**

\* \* \*

   **(b)   Authority of police officer.**—Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has **reasonable suspicion** that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S.A. § 6308(b) (emphasis added). "Mere reasonable suspicion will not justify a vehicle stop when the driver's detention cannot serve an investigatory purpose relevant to the suspected violation." ***Commonwealth v. Feczko***, 10 A.3d 1285, 1291 (Pa.Super. 2010), *appeal denied*, 611 Pa. 650, 25 A.3d 327 (2011). "In such an instance, 'it is [incumbent] upon the officer to articulate specific facts possessed by him, at the time of the

questioned stop, **which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the Code**.'" ***Id.*** (emphasis in original).

"Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a [person] of reasonable caution in the belief that the suspect has committed or is committing a crime." ***Commonwealth v. Thompson***, 604 Pa. 198, 203, 985 A.2d 928, 931 (2009) (internal quotation marks omitted).

> The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require **only a probability**, and not a *prima facie* showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

***Id.*** (emphasis in original) (internal citations and quotation marks omitted).

In ***Commonwealth v. Tolbert***, 341 A.2d 198, 200 (Pa.Super. 1975), this Court said:

> When we examine a particular situation to determine if probable cause exists, we consider all the factors and their total effect, and do not concentrate on each individual element. We also focus on the circumstances as seen through the eyes of the trained officer, and do not view the situation as an average citizen might. Finally, we must remember that in dealing with questions of probable cause, we are not dealing with certainties. We are dealing with the factual and practical considerations of everyday life on which reasonable and prudent [persons] act. This is not the same "beyond-a-reasonable-doubt" standard which we apply in determining guilt or innocence at trial.

*Id.* (internal citations and quotation marks omitted). Pennsylvania law makes clear, however, that a police officer has probable cause to stop a motor vehicle if the officer observed a traffic code violation, even if it is a minor offense. *Commonwealth v. Chase*, 599 Pa. 80, 89, 960 A.2d 108, 113 (2008). Whether probable cause existed is a question of law. *Commonwealth v. Newman*, 84 A.3d 1072, 1080 (Pa.Super. 2014), *appeal denied*, 627 Pa. 757, 99 A.3d 925 (2014) (stating: "What facts and circumstances amount to probable cause is a question of law)."

Section 3802 of the Motor Vehicle Code in relevant part provides:

**§ 3802. Driving under influence of alcohol or controlled substance**

\* \* \*

**(d) Controlled substances.**—An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

(1) There is in the individual's blood any amount of a:

(i) Schedule I controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act;

(ii) Schedule II or Schedule III controlled substance, as defined in The Controlled Substance, Drug, Device and Cosmetic Act, which has not been medically prescribed for the individual; or

(iii) metabolite of a substance under subparagraph (i) or (ii).

> (2)    The individual is under the influence of a drug or
> combination of drugs to a degree which impairs the
> individual's ability to safely drive, operate or be in
> actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d)(1)-(2) (footnote omitted).

Instantly, the following facts are undisputed.  Officer Devlin lawfully stopped Appellant's vehicle for driving without illuminated headlights at approximately 9:00 P.M. on September 23, 2014.  Appellant was the driver and sole occupant of the vehicle.  Appellant's vehicle and person reeked of burnt marijuana, and Officer Devlin observed that Appellant's eyes were bloodshot.  Officer Devlin found no marijuana or paraphernalia on Appellant's person or in the immediate area of the car.  The only dispute Appellant raises in the case is whether the police officers had sufficient probable cause to arrest Appellant for DUI.

In response to Appellant's issue, the trial court reasoned:

> Law enforcement officers generally need a warrant in order
> to arrest an individual while in a public place.  However,
> this warrant requirement can be circumvented when there
> is a probable cause to believe that "a felony has been
> committed" and that "the person to be arrested is the
> felon." *Commonwealth v. Clark*, 735 A.2d 1248, 1251
> (Pa. 1999).  In order to determine whether a warrantless
> search was justified by sufficient probable cause, courts
> must consider the totality of the circumstances.  This
> means that determinations of probable cause need not be
> based on absolute "certainties," but rather they are based
> on the "factual and practical considerations of everyday life
> on which reasonable and prudent persons act."
> *Commonwealth v. Simmen*, 58 A.3d 811, 817
> (Pa.Super. 2012).  Accordingly, a police officer has
> probable cause to make a warrantless arrest when the

"facts and circumstances within the police officer's knowledge and of which the officer has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Commonwealth v. Dommel*, 885 A.2d 998, 1002 (Pa.Super. 2005). The burden is placed on the Commonwealth to show probable cause for the arrest with "reasonable specificity." *Commonwealth v. Bartlett*, 406 A.2d 340, 341 (Pa. 1979). This is a relatively high standard, whereas an officer's "mere suspicion" that a crime is being committed, or has been committed is not enough to justify a finding of probable cause. *Id.*

When an item with incriminating characteristics is in plain view, the totality of the circumstances justifies a finding of probable cause, so long as the arresting officer had the "lawful right of access to the object seen in plain view." *Commonwealth v. McCree*, 924 A.2d 621, 628 (Pa. 2007). A "plain smell" doctrine analogous to that of the plain view doctrine was established in *Commonwealth v. Stoner*[, 344 A.2d 633 (Pa.Super. 1975)]. *Commonwealth v. Stainbrook*, 471 A.2d 1223, 1225 (Pa.Super. 1984). If an officer is justified in his presence in a particular location, his "detection of the odor of marijuana is sufficient to establish probable cause." *Id.* (citing *Stoner*).

In the instant case, Officer Devlin, without question, was legally justified in being present next to the defendant's vehicle at the time he smelled the odor of marijuana. This is because driving without headlights, the act for which [Appellant] was pulled over, can be categorized as careless driving as it involves the "careless disregard for the safety of persons or property." 75 Pa.C.S.A. § 3714.

\* \* \*

[Appellant] argues, based on *Commonwealth v. Long*, that probable cause did not exist to arrest him for driving unsafely because there was no nexus between the odor of marijuana and the officer's determination that [Appellant] was unable to safely operate his motor vehicle. *See*

- 9 -

*Commonwealth v. Long*, 396 A.2d 463 (Pa.Super. 1978). [Appellant's] argument rests on the idea that there could have been no other contributing factors to Officer Devlin's assessment of probable cause other than the overwhelming smell of marijuana coming from the car. [Appellant], in his Writ to this [c]ourt, alleges that there is "no indication that [he] was incapable of safe driving,' and offers as support the fact that he stopped when signaled, that his appearance was neat and orderly, and that his speech and sense of balance seemed normal. [Appellant] asserts that the smell of marijuana, combined with his behavior, left Officer Devlin with only the mere suspicion that [Appellant] was incapable of driving safely. This argument disregards the fact that [Appellant] was operating a motor vehicle after 8:00 p.m. without headlights, in late September, which would have made it difficult for other drivers to see his vehicle. Not only are the actions of [Appellant] dangerous, but they are enough to lead a trained Philadelphia Police Officer to believe that [Appellant] was unfit to operate said motor vehicle. Based on the standard of the totality of the circumstances, the fact that [Appellant] was driving without the use of his headlights, along with the overwhelming odor of marijuana coming from the car and [Appellant's] bloodshot eyes, is sufficient to justify Officer Devlin's probable cause to arrest [Appellant].

(Trial Court Opinion, filed February 25, 2015, at 2-4). We accept the court's analysis and see no reason to disturb its decision. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/2016

- 10 -